**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JACK LADD and MARIE LADD, et al., Plaintiffs, v. THE UNITED STATES OF AMERICA, Defendant. | No. 07-271 L<br>Honorable Robert H. Hodges, Jr. |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF AND SUPPORTING MEMORANDUM**

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Dated: August 10, 2007

# TABLE OF CONTENTS

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF . . . . 1

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF . . . . 1

I. INTRODUCTION . . . . 1

II. BACKGROUND . . . . 1

A. Plaintiffs' Claims . . . . 1

B. Rails-to-Trails Regulatory Framework . . . . 2

C. Facts Alleged by Plaintiffs . . . . 4

III. ARGUMENT . . . . 5

A. Legal Standard . . . . 5

B. This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claim for Declaratory Relief . . . . 6

IV. CONCLUSION . . . . 8

# TABLE OF AUTHORITIES

## FEDERAL CASES


Alder Terrace, Inc. v. United States, 161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 5

Brown v. United States, 105 F.3d 621 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Caldwell v. United States, 57 Fed. Cl. 195 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311 (1981) . . . . . . . . . . . . . . . 2

Citizens Against Rails-To-Trails v. STB, 267 F.3d 1144 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . 3

Colorado v. United States, 271 U.S. 153 (1926) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Entines v. United States, 39 Fed. Cl. 673 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Goos v. ICC, 911 F.2d 1283 (8th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Hayfield N. R.R. v. Chicago & N.W. Transp. Co., 467 U.S. 622 (1984) . . . . . . . . . . . . . . . . . . . 2

McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . 5

Murray v. United States, 817 F.2d 1580 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714 (Fed. Cir. 1998) . . . . . . . . . . 7

Nat'l Ass'n of Reversionary Prop. Owners v. STB, 158 F.3d 135 (D.C. Cir. 1998) . . . . . . . . . . 2

Preseault v. ICC, 494 U.S. 1 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

RLTD Ry. Corp. v. STB, 166 F.3d 808 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Stephenson v. United States, 58 Fed. Cl. 186 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Tchakarski v. United States, 69 Fed. Cl. 218 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Toxgon Corp. v. BNFL, Inc., 312 F.3d 1379 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Truckee-Carson Irrigation Dist. v. United States, 14 Cl. Ct. 361 (1988) . . . . . . . . . . . . . . . . . . . 5

United States v. King, 395 U.S. 1, 4 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

United States v. Mitchell, 463 U.S. 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Sherwood, 312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**FEDERAL STATUTES**

16 U.S.C. § 1247(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**FEDERAL REGULATIONS**

49 C.F.R. § 1152.29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

49 C.F.R. § 1152.29(a)(1)-(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

49 C.F.R. § 1152.29(c)-(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

49 C.F.R. § 1152.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF**

Defendant respectfully requests that the Court dismiss Count Three of Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Court of Federal Claims. Count Three of Plaintiffs' First Amended Complaint seeks declaratory relief pursuant to the Declaratory Judgment Act. Because this Court lacks jurisdiction to issue declaratory judgments, such as that sought by Plaintiffs, Count Three of Plaintiffs' First Amended Complaint must be dismissed. A detailed memorandum in support of this motion follows.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF**

## I. INTRODUCTION

The Court of Federal Claims is a Court of limited jurisdiction. Long-standing precedent precludes the Court from adjudicating claims for equitable relief, such as injunctions and declaratory judgments, without an express statutory grant of jurisdiction. Because no such statutory grant of jurisdiction exists for Fifth Amendment takings cases, Plaintiffs' claim for declaratory relief in this rails-to-trails taking case must be dismissed.

## II. BACKGROUND

### A. Plaintiffs' Claims

Plaintiffs' First Amended Complaint ("Am. Compl.") seeks just compensation for both alleged permanent and temporary takings without just compensation in violation of the Fifth Amendment as the result of the Surface Transportation Board's ("STB") issuance of a Notice of Interim Trail Use ("NITU") pursuant to the National Trails System Act, 16 U.S.C. § 1247(d)

("Trails Act"). Am. Compl. pp. 2-3 (Summary of the Case). Plaintiffs also seek declaratory relief pursuant to the Declaratory Judgment Act. See Am. Compl. p. 25 (introductory language to Count Three). Plaintiffs have filed the First Amended Complaint "in their individual capacity . . . and also as . . . representative parties on behalf of themselves and all other similarly situated landowners. . . ." Id. ¶ 59. Plaintiffs allege that this Court's jurisdiction is based upon the Tucker Act. 28 U.S.C. § 1491(a)(1). Am. Compl. ¶ 1.

**B. Rails-to-Trails Regulatory Framework**

Congress has long recognized the specialized nature of railroads and has imposed, through establishment of the STB, exclusive and plenary authority over the construction, operation and abandonment of virtually all of the nation's rail lines. Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 312 (1981); see also RLTD Ry. Corp. v. STB, 166 F.3d 808, 810 (6th Cir. 1999) (general discussion of the history of railroad regulation). Pursuant to the comprehensive regulatory scheme established by Congress, a railroad cannot be relieved of its legal obligation to offer service on a particular rail line without first obtaining the express consent of the STB. See Colorado v. United States, 271 U.S. 153, 165 (1926); Nat'l Ass'n of Reversionary Prop. Owners ("NARPO") v. STB, 158 F.3d 135, 137 (D.C. Cir. 1998).

The termination of active rail service by a railroad generally occurs under one of two mechanisms. First, a railroad can apply for permission to discontinue service. This authority allows the railroad to decide "to cease operating a line for an indefinite period while preserving the rail corridor for possible reactivation of service in the future." Preseault v. ICC, 494 U.S. 1, 6 n. 3 (1990); see also NARPO, 158 F.3d at 137 n.1. Second, a railroad may seek permission to terminate its service over a corridor through an abandonment proceeding. Hayfield N. R.R. v.

Chicago & N.W. Transp. Co., 467 U.S. 622, 633 (1984); Preseault, 494 U.S. at 6 n.3.

In 1983, Congress passed the Trails Act, which provided railroads seeking to either abandon or discontinue their use of a rail line a third option: railbanking. See RLTD Ry. Corp., 166 F.3d at 811 ("Railbanking is an alternative to abandonment."). In order for a railroad corridor or right-of-way to be railbanked, the railroad must first engage in the STB's regulatory abandonment process. Caldwell v. United States, 57 Fed. Cl. 195, 195 (2003); see also 49 C.F.R. § 1152.29; 49 C.F.R. § 1152.50. Once an abandonment application or request for an abandonment exemption is filed, a party interested in acquiring or using the right-of-way for railbanking and interim trail use may then request the issuance of a certificate of interim trail use or "CITU" (in abandonment application proceedings) or a notice of interim trail use or "NITU" (in abandonment exemption proceedings). 49 C.F.R. § 1152.29(c)-(d).

The STB's regulations require a qualified party interested in "acquiring or using" a right-of-way proposed to be abandoned for railbanking and interim trail use to file a request or petition that includes, *inter alia*, a statement of willingness to assume responsibility for the right-of-way, and an acknowledgment that interim trail use of the right-of-way is subject to the "possible future reconstruction and reactivation of the right-of-way for rail service." 49 C.F.R. § 1152.29(a)(1)–(3). If the railroad indicates that it is willing to negotiate a Trails Act agreement, the STB must issue a NITU. See Citizens Against Rails-To-Trails v. STB, 267 F.3d 1144, 1150-53 (D.C. Cir. 2001). If a railbanking and trail use agreement is reached, the NITU automatically authorizes interim trail use and the trail sponsor may then assume management of the right-of-way, subject only to the right of a railroad to reassert control of the property for restoration of rail service. See Caldwell, 57 Fed. Cl. at 195; see also Goos v. ICC, 911 F.2d 1283, 1295 (8th

Cir. 1990).

### C. Facts Alleged by Plaintiffs

Plaintiffs allege that they are owners of property in fee simple along a 76.2 mile long railroad corridor in Cochise County Arizona. See e.g., Am. Compl. at ¶¶ 3, 33, 38, 43, etc.[1/] They also allege that the San Pedro Railroad Operating Company, LLC, ("SPROC") filed a Petition for Exemption with the STB to abandon the railroad corridor. Id. ¶ 68. Following the filing of the Petition for Exemption, the Trust for Public Land ("Trust") submitted a request for the issuance of a NITU to convert the corridor to use as a public trail. Id. ¶ 69. The STB issued a NITU for the entire 76.2 mile corridor on July 25, 2006. Id. ¶ 72. On February 12, 2007 – the Trust and SPROC having failed to consummate a Trail Use Agreement – the STB issued an order extending the negotiating period, but only for a portion of the railroad corridor. Id. ¶ 80.

Plaintiffs claim that the issuance of the NITU and the subsequent extension of the negotiating period have resulted in a permanent taking of that portion of the railroad corridor that was the subject to the negotiating extension. Id. ¶¶ 24-25; 82-88. Plaintiffs further claim that the issuance of the NITU constitutes a temporary taking of that portion of the corridor that was not later subject to the negotiating extension. Id. ¶¶ 24-25; 89-98. With respect to the property which the United States allegedly took on a temporary basis, Plaintiffs seek:

> An Order of this Court declaring that the [land] is: (a) free of the STB jurisdiction as of January 22, 2007, (b) the Trails Act did not create an easement for recreational trail use and did not preserve or "railbank" this portion of the railroad corridor for possible future

[1/] The United States assumes the truth of the facts contained in Plaintiffs' First Amended Complaint, as necessary, for purposes of presenting its arguments below. The United States does not, however, concede these facts and may offer contrary evidence as the case proceeds to either a motion for summary judgment or to trial.

> reactivitation as a railroad right-of-way; and (c) this property is now free of any easement for a public access recreational trail[,] or current or future railroad use.

Id. p. 26 (Count Three Specific Relief Requested ¶1).

## III. ARGUMENT

### A. Legal Standard

In this case, Plaintiffs assert takings claims and a claim for declaratory relief. The determination of whether this Court has subject matter jurisdiction to hear these claims is a question of law. See Toxgon Corp. v. BNFL, Inc., 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law"). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), plaintiffs bear the burden of establishing subject matter jurisdiction, which must be done by a preponderance of the evidence. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)); Entines v. United States, 39 Fed. Cl. 673, 678 (1997) ("Plaintiff bears the burden of establishing all jurisdictional requirements . . . and must do so by a preponderance of the evidence.")).

As explained below, the Court lacks jurisdiction over Plaintiffs' claim for declaratory relief because it falls outside the purview of this Court's limited jurisdiction. Where, as here, the Court lacks jurisdiction over the subject matter of a claim, the correct remedy is dismissal of the claim. See Truckee-Carson Irrigation Dist. v. United States, 14 Cl. Ct. 361, 368 (1988) ("[U]nder [Court of Federal Claims] Rule 12(h)(3), this court is mandated to. . . dismiss the action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. . . .'") (alteration in original). Accordingly, the Court should

dismiss Plaintiffs' claim for declaratory relief pursuant to Rules 12(b)(1) and 12(h)(3).

**B. This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claim for Declaratory Relief**

As sovereign, the United States may not be sued unless it consents to such suit. United States v. Sherwood, 312 U.S. 584, 586 (1941), Stephenson v. United States, 58 Fed. Cl. 186, 187 (2003). As such, the Court of Federal Claims' jurisdiction is wholly dependent on a waiver of sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). Plaintiffs have failed to prove – indeed, they have failed to even suggest – the existence of a statutory provision that provides the "unequivocally expressed" waiver of sovereign immunity necessary for this Court to entertain claims for declaratory relief in a Fifth Amendment takings case. Undoubtedly, Plaintiffs failure is driven by the fact that no such statutory authority exists. In fact, courts have emphatically held that the two statutes cited by Plaintiffs in their First Amended Complaint – the Tucker Act and the Declaratory Judgment Act – do not confer jurisdiction on this Court to entertain claims for declaratory relief.

"Courts have consistently held that the jurisdiction of the Court of Federal Claims is limited to cases in which the Constitution or a federal statute requires payment of money damages as compensation for their violation." Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing United States v. Mitchell, 463 U.S. 206, 218 (1983) and Murray v. United States, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987)). Moreover, this limitation has specifically been applied to the Tucker Act, which does not confer jurisdiction on this Court to hear "every claim involving or invoking the Constitution, a federal statute, or a regulation. Rather, the Court of Federal Claims may only hear claims seeking primarily monetary relief against the United States

government based upon 'money-mandating' provisions of the Constitution, acts of Congress, or executive regulations, to which the plaintiff alleges a specific entitlement." Stephenson, 58 Fed. Cl. at 192 (internal quotations and citation omitted) (emphasis in original). While the Tucker Act grants jurisdiction to the Court of Federal Claims to hear claims for monetary damages in Fifth Amendment takings cases, it "does not provide independent jurisdiction over [ ] claims for equitable relief" such as "declaratory or injunctive relief." King, 395 U.S. at 2-3; see also, Brown, 105 F.3d at 623.

The only other statutory provision cited by Plaintiffs in support of their claim for declaratory relief, aside from the Tucker Act, is the Declaratory Judgment Act. See Am. Compl. at 25. Courts have similarly and consistently held that the Court of Federal Claims "does not have jurisdiction under the Declaratory Judgment Act." Tchakarski v. United States, 69 Fed. Cl. 218, 221 (2005) (citing 28 U.S.C. §§ 2201, et seq. and Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 717 (Fed. Cir. 1998)). In considering this Court's jurisdiction under the Declaratory Judgment Act, the Supreme Court has squarely stated that "[t]here is not a single indication in the Declaratory Judgment Act or its history that Congress, in passing that Act, intended to give the Court of [Federal] Claims an expanded jurisdiction that had been denied to it for nearly a century. In the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of [Federal] Claims has been given the authority to issue declaratory injunctions." King, 395 U.S. at 5.

In short, the Court of Federal Claims does not have the authority to grant declaratory relief absent an express statutory grant. Because Congress has provided no such statutory grant in Fifth Amendment takings cases, this Court lacks jurisdiction to consider Plaintiffs' claim for

declaratory relief and that claim must be dismissed.

## IV. CONCLUSION

Because this Court lacks jurisdiction to hear Plaintiffs' claim for declaratory relief as set forth fully above, Defendant respectfully requests that the Court dismiss Count Three of Plaintiffs' Amended Complaint.

August 10, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ Rachel A. Dougan

RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024