**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JACK LADD and MARIE LADD, et al., Plaintiffs, v. THE UNITED STATES OF AMERICA, Defendant. | No. 07-271 L<br>Honorable Robert H. Hodges, Jr. |

**ANSWER TO COUNTS ONE AND TWO OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rule 7(a) of the Rules of the United States Court of Federal Claims, Defendant, the United States of America, answers the allegations in the unnumbered and numbered paragraphs of Plaintiffs' First Amended Complaint ("Complaint"), excluding allegations contained in Count Three,[1/] as follows:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of the first unnumbered paragraph. The allegations contained in the fifth and sixth sentences of the first unnumbered paragraph contain conclusions of law to which no response is required. Defendant avers that the conveyance documents are the best evidence of their contents.

The allegations contained in the second unnumbered paragraph and related footnote 1 contain conclusions of law to which no response is required. Defendant denies that Plaintiffs are

[1/] Concomitant with the filing of this Answer, Defendant has filed a motion to dismiss Count Three of Plaintiffs' Complaint.

entitled to any relief under the cited constitutional provision.

The allegations contained in the third and fourth unnumbered paragraphs contain Plaintiffs' characterization of their case and conclusions of law to which no response is required. Defendant denies that Plaintiffs are entitled to any relief under the cited provisions. Defendant further avers that this Court lacks jurisdiction to hear Count Three of Plaintiffs' Complaint.

1. Defendant admits that 28 U.S.C. § 1491(a)(1) confers jurisdiction on the United States Court of Federal Claims to hear claims based on the Fifth Amendment to the United States Constitution. The remaining allegations call for a legal conclusion to which no response is required. Defendant denies that this Court has jurisdiction to hear Count Three of Plaintiffs' Complaint.

2. The allegations contained in paragraph 2 and its various subparagraphs contain Plaintiffs' characterization of their case and conclusions of law to which no response is required. Defendant denies that Plaintiffs are entitled to any relief under the cited provisions.

3. Defendant admits that on October 17, 2005, the San Pedro Railroad Operating Company, LLC ("SPROC") filed a petition with the Surface Transportation Board ("STB"). Defendant avers that the referenced document is the best evidence of its contents.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 4. The second sentence of paragraph 4 contains a conclusion of law that the railroad corridor is an "abandoned right-of-way easement," to which no response is required. To the extent that matters of fact are alleged, they are denied.

5. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 5.

6. Defendant admits that on January 27, 2006, the Trust for Public Land submitted a formal request for regulatory action to the STB. Defendant avers that the referenced document is the best evidence of its contents.

7. In response to paragraph 7, Defendant admits that The Trust for Public Land is not currently authorized by the STB to operate a railroad. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8. Defendant admits that the STB issued a Decision and Notice of Interim Trail Use or Abandonment regarding the San Pedro Railroad Operating Company, LLC–Abandonment Exemption–In Cochise County, AZ, on July 26, 2006. Defendant avers that the referenced document is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in second sentence of paragraph 8.

9. In response to the allegations contained in paragraph 9, Defendant admits that the quoted words are found in the statute referenced in that paragraph, and the Court is respectfully referred to that statute which is the best evidence of its contents.

10. The allegations in paragraph 10 contain conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

11. The allegations in paragraph 11 are admitted to the extent they are consistent with the judicial decision cited therein, and the Court is respectfully referred to that decision which is the best evidence of its contents. In all other respects, the allegations of this

paragraph are conclusions of law to which no response is required.

12. The allegations in paragraph 12 are admitted to the extent they are consistent with the judicial decision cited therein, and the Court is respectfully referred to that decision which is the best evidence of its contents. In all other respects, the allegations of this paragraph are conclusions of law to which no response is required.

13. In response to the allegations in paragraph 13, Defendant admits that the quoted words are found in the decision referenced in that paragraph, and the Court is respectfully referred to that decision which is the best evidence of its contents.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. The allegations in paragraph 15 contain conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and on that basis, denies those allegations. Defendant also specifically denies that there has been a taking of property owned by the Plaintiffs.

17. Defendant denies the allegations contained in paragraph 17.

18. In response to the allegations contained in paragraph 18, Defendant admits that the quoted words are found in the decision referenced in that paragraph, and the Court is respectfully referred to that decision which is the best evidence of its contents.

19. In response to the allegations contained in paragraph 19, Defendant admits that as of January 22, 2007, no trail use agreement had been negotiated between the SPROC and the

Trust for Public Land.

20. Defendant admits the allegations contained in paragraph 20 to the extent they are consistent with the provisions of the STB's order cited therein, and the Court is respectfully referred to that order which is the best evidence of its contents.

21. Defendant admits the allegations contained in paragraph 21 to the extent they are consistent with the provisions of the STB's order cited therein, and the Court is respectfully referred to that order which is the best evidence of its contents.

22. Defendant admits the allegations contained in paragraph 22 to the extent they are consistent with the provisions of the STB's order cited therein, and the Court is respectfully referred to that order which is the best evidence of its contents.

23. The allegations in paragraph 23 contain conclusions of law to which no response is required.

24. The allegations in paragraph 24 contain conclusions of law to which no response is required. To the extent that a response is required, Defendant specifically denies that there has been a taking of property owned by the Plaintiffs.

25. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40. The allegations in paragraph 40 contain conclusions of law to which

no response is required.

41. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. Defendant avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. Defendant admits that the United States is the defendant in this action.

59. The allegations in paragraph 59 contain Plaintiffs' characterization of their case, to which no response is required. Defendant specifically denies that this case has been certified as a class action.

60. The allegations in paragraph 59 contain Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent that matters of fact are alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61. The allegations in paragraph 61 contain conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

62. The allegations in paragraph 62 contain conclusions of law to which no response

is required. To the extent that matters of fact are alleged, they are admitted to the extent they are consistent with the document cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

63. The allegations in paragraph 63 contain conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are admitted to the extent they are consistent with the document cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

64. The allegations in paragraph 64 contain conclusions of law to which no response is required.

65. The allegations in paragraph 65 contain conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are admitted to the extent they are consistent with the document cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

66. The allegations in paragraph 66 contain conclusions of law to which no response is required.

67. The allegations in paragraph 67 contain conclusions of law to which no response is required. In further response, Defendant admits that the quoted words are found in the cited statute, and the Court is respectfully referred to that statute which is the best evidence of its contents.

68. Defendant admits that on October 17, 2005, the SPROC filed a petition with the STB and the Court is respectfully referred to that document which is the best evidence of its contents.

69. Defendant admits that the Trust for Public Land submitted the referenced

documents to the STB and the Court is respectfully referred to the documents which are the best evidence of their contents.

70. In response to paragraph 70, Defendant admits that The Trust for Public Land is not currently authorized by the STB to operate a railroad. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70.

71. Defendant admits the allegations contained in paragraph 71 to the extent they are consistent with the cited document, and the Court is respectfully referred to that document which is the best evidence of its contents.

72. Defendant admits that the STB issued a Decision and Notice of Interim Trail Use or Abandonment regarding the San Pedro Railroad Operating Company, LLC–Abandonment Exemption–In Cochise County, AZ, on July 26, 2006, and that Plaintiffs have accurately quoted that document.

73. The allegations in paragraph 73 contain conclusions of law to which no response is required.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75. The allegations in paragraph 75 contain conclusions of law to which no response is required.

76. The allegations in paragraph 76 contain conclusions of law to which no response is required.

77. The allegations in paragraph 77 contain conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied, and Defendant

specifically denies that it has taken Plaintiffs' property rights or that this case has been certified as a class action.

78. The allegations in paragraph 78 contain conclusions of law to which no response is required.

79. The allegations in paragraph 79 contain conclusions of law to which no response is required, and the Court is respectfully referred to the cited decisions which are the best evidence of their contents.

80. Defendant admits that the STB issued a Decision regarding the San Pedro Railroad Operating Company, LLC–Abandonment Exemption–In Cochise County, AZ, on February 14, 2007, and that it extended the negotiating period for the railroad and Trust for Public Land to reach a Trail Use Agreement and that this extension applied only to the portion of the right-of-way that runs from Curtis on the north to the intersection of the railroad right-of-way and state Highway 92. The second sentence of paragraph 80 contains a conclusion of law that the railroad corridor is "abandoned," to which no response is required.

81. In response to the allegations contained in paragraph 81, Defendant admits that it has not instituted direct condemnation proceedings against any of the Plaintiffs nor has it paid, or offered to pay, compensation to Plaintiffs. In further response, Defendant denies that Plaintiffs' property rights have been taken from them and that this matter has been certified as a class action.

82. Defendant hereby restates and incorporates its responses to each and every paragraph above.

83. In response to the allegations contained in paragraph 83, Defendant admits that Plaintiffs have accurately quoted the cited constitutional provision.

84. The allegations in paragraph 84 contain conclusions of law to which no response is required.

85. The allegations in paragraph 85 contain conclusions of law to which no response is required.

86. In response to the allegations contained in paragraph 86, Defendant admits that Plaintiffs have accurately quoted the cited statutory provision.

87. In response to the allegations contained in paragraph 87, Defendant admits that Plaintiffs have accurately quoted the cited statutory provision.

88. The allegations in paragraph 88 contain conclusions of law to which no response is required. Defendant specifically denies that there has been a taking of property owned by the Plaintiffs.

The paragraphs in the section entitled “Specific Relief Requested” on pages 21 and 22 of Plaintiffs’ Complaint constitute Plaintiffs’ prayer for relief related to Count One, to which no response is required. To the extent a response is required, Defendant denies that the Plaintiffs are entitled to the relief prayed for, or any relief whatsoever.

89. Defendant hereby restates and incorporates its responses to each and every paragraph above.

90. The allegations in paragraph 90 contain conclusions of law to which no response is required. To the extent matters of fact are alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91. The allegations in paragraph 91contain conclusions of law to which no response is required, and the Court is respectfully referred to the cited decision which is the best evidence of its contents.

92. The allegations in paragraph 92 contain conclusions of law to which no response is required.

93. In response to the allegations in paragraph 93, Defendant admits that Plaintiffs have accurately quoted the cited constitutional provision.

94. The allegations in paragraph 94 contain conclusions of law to which no response is required.

95. The allegations in paragraph 95 contain conclusions of law to which no response is required.

96. In response to the allegations contained in paragraph 96, Defendant admits that Plaintiffs have accurately quoted the cited statutory provision.

97. In response to the allegations contained in paragraph 97, Defendant admits that Plaintiffs have accurately quoted the cited statutory provision.

98. The allegations in paragraph 98 contain conclusions of law to which no response is required. Defendant specifically denies that there has been a taking of property owned by the Plaintiffs.

The paragraphs in the section entitled “Specific Relief Requested” on pages 24 and 25 of Plaintiffs’ Complaint constitute Plaintiffs’ prayer for relief related to Count Two, to which no response is required. To the extent a response is required, Defendant denies that the Plaintiffs are entitled to the relief prayed for, or any relief whatsoever.

99-103. Defendant does not answer the allegations contained in paragraphs 99-103, which concern only Count Three of Defendant’s Complaint, and the paragraphs in the section entitled “Specific Relief Requested” on page 26 of Plaintiffs’ Complaint that constitute Plaintiffs’ prayer for relief related to Count Three, because Defendant has moved to dismiss

Count Three, see n.1, supra.

All of the allegations in Plaintiffs' Complaint which have not been specifically admitted, denied or otherwise answered, are hereby denied.

**DEFENDANT'S AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, the Defendant denies that the Plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be allowed its costs and such other further relief as the Court may allow.

August 10, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ Rachel A. Dougan
RACHEL A. DOUGAN
Attorney
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

JAMES D. GETTE
Attorney
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-1461
Facsimile: (202) 514-8865
James.Gette@usdoj.gov

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, D.C. 20024