**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al. | ) | |
| | ) | |
| For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07-271L |
| | ) | |
| vs. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**PLAINTIFF'S RESPONSE MOTION AND SUPPORTING MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF**

---

LATHROP & GAGE L.C.

Mark F. Hearne, II
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500
(314) 613-2550 (fax)

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF**

Defendant has filed a Motion to Dismiss Plaintiffs' Claim for Declaratory Relief for lack of subject matter jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3) of the Court of Federal Claims. Defendant correctly notes that Count Three of Plaintiffs' First Amended Complaint seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. However, Defendant incorrectly argues that this Court lacks jurisdiction to issue the requested declaratory relief.

Plaintiffs' request for declaratory relief is "incident of and collateral to" a monetary claim made against the federal government and is properly before this Court. Therefore this Court has jurisdiction to issue the declaratory relief sought by Plaintiffs and Defendant's Motion to Dismiss Plaintiffs' Claim for Declaratory Relief should be denied.

A detailed memorandum in support of Plaintiffs' Motion follows.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DENY DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COUNT FOR DECLARATORY RELIEF**

## I. INTRODUCTION

The Court of Federal Claims is a court of limited jurisdiction. Long-standing precedent precludes this Court from adjudicating claims seeking *only* equitable relief. Equally long-standing precedent and statutory provisions, however, grant this Court jurisdiction to adjudicate claims for equitable relief (including claims for declaratory relief) which are "incident of and collateral to" a claim for money judgment. Plaintiffs' claim for declaratory relief is "incident of and collateral to" Plaintiffs' claims for a monetary judgment awarding "just compensation" pursuant to their Fifth Amendment claim for the taking of their property. As such, this Court has jurisdiction to adjudicate this matter and render the requested declaratory relief.

## II. BACKGROUND

Plaintiffs' First Amended Complaint ("Am. Compl.") seeks "just compensation" for the permanent and temporary taking of Plaintiffs' property in violation of the Fifth Amendment as the result of the Surface Transportation Board's ("STB") issuance of a Notice of Interim Trail Use ("NITU") pursuant to the National Trails System Act ("Trails Act"). Am. Compl. pp. 2-3. The essential facts are as follows.

The Plaintiffs' are the fee owners of property in Cochise County, Arizona that lies just north of the Mexican boarder and along the San Pedro River. Much of this property has been owned by the Plaintiffs' and their families since the late 1800's. About 1903 the El Paso and Southwestern Railroad acquired an easement across the Plaintiffs'

property. This railroad easement was granted for the operation of a railroad and not for any other purpose. Under the terms of the relevant easement instruments and under Arizona law, once the railroad ceased operating a railroad across the right-of-way the railroad easement was abandoned and the Plaintiffs' as fee owners regained their right to the exclusive use and physical possession of their property.

Section 8 (d) of the 1983 amendments to the National Trails System Act, 16 U.S.C. §1247(d) ("Trails Act"), provides that the Plaintiff property owner's "revisionary"[1] property rights are forestalled and the Plaintiff's property maybe transferred to a trail user for use as a public access recreational trail notwithstanding whatever rights the Plaintiffs have to their property under state law. This is a taking of the Plaintiff's property for which the Fifth Amendment to the United States Constitution requires the United States to pay "just compensation" to the Plaintiff property owners. See, *Presault v. United States*, 494 U.S. 1 (1990) and *Presault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) *en banc.*

This action is the claim by these U.S. citizens brought pursuant to the Fifth Amendment and the Tucker Act 28 U.S.C. § 1491 (a)(1) seeking "just compensation" for the value of their property taken from them by the federal government through operation of the Trails Act. The "just compensation" they seek includes compensation for the delay between the date their property was taken (or made subject to the Trails Act) and when the federal government ultimately pays them compensation.

[1] Plaintiff's use the term "reversionary" because such term was used in the generic sense by the Federal Circuit in *Barclay* and *Renewal Body Works*. Technically this is not a "reversion" of the property. Rather the Plaintiff's and their predecessors in title always held fee title to the property. Their fee title had been burdened by an easement for operation of a railroad. Upon the railroad's abandonment of this easement, their fee became "unburdened" by this easement. To the extent that "reversionary" is used in this pleading it is used in the generic sense.

The abandoned railroad right-of-way is about 80 miles long. Roughly 40 miles of this abandoned right-of-way runs north and south along the San Pedro River. Near the intersection of the abandoned right-of-way and State Highway 92 the right-of-way turns east and runs east and west a length of approximately 40 miles just north of the Mexican border. This entire 80 mile right-of-way was subject to the NITU issued by the STB on July 25, 2006.

Under the terms of the Trails Act, interim use of an abandoned railroad right-of-way as a recreational trial "shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes." 16 USC §1247(d). The July 2006 NITU provided, "If an agreement for interim trail use/rail banking is reached by January 22, 2007, interim trail use may be implemented. If no agreement is reached by that time [the railroad] may fully abandon the line, provided the previously imposed conditions are met."

On January 22nd the 180 day negotiating period expired without a Trail Use Agreement having been reached. The Trust for Public Land requested, and the railroad agreed, to the STB issuing an extension of the negotiating period during which a Trail Use Agreement could be reached. However, this extension did not apply to all the property subject to the NITU. The extension only applied to the approximately 40 mile north-south portion of the abandoned railroad right-of-way that is north and west of the intersection with State Highway 92. The negotiating period for the approximately 40 mile section of the right-of-way east and west of State highway 92 expired without a Trail Use Agreement having been reached.

The Federal Circuit held that, "[t]he taking, if any, when a railroad right-of-way is converted to interim trail use under the Trails Act occurs when state law reversionary property interests that would otherwise vest in the adjacent landowners are blocked from so vesting. Abandonment is suspended and the reversionary interest is blocked 'when the railroad and trail operator communicate to the STB their intention to negotiate a trail use agreement and the agency issues an NITU that operates to preclude abandonment under section 8(d)' of the Trails Act. We concluded that '[t]he issuance of the NITU is the only *government* action in the rail banking process that operates to prevent abandonment of the corridor and to preclude the vesting of state law reversionary interests in the right-of-way.' <u>Thus, a Trails Act taking begins and a takings claim accrues, if at all, on issuance of the NITU.</u>" *Barclay v. United States*, 443 F.3d 1368 (2006) at 1373. (Opinion of Judge Dyk for the majority citing his own prior decision in *Caldwell v. United States*, 391 F. 3d 1226 (Fed. Cir. 2004) at 1233 for authority.)

All of the Plaintiffs are citizens owning property that was subject to the July 2006 NITU and for which their state law reversionary rights were forestalled or "blocked" by operation of the Trails Act. Some of the Plaintiffs own property underlying the north-south portion of the abandoned right-of-way that is subject to the STB's extension of the negotiating period and for which it appears likely that a Trail Use Agreement will be reached. These Plaintiffs are those bringing Count One seeking "just compensation" for the permanent taking of their property.

For those Plaintiffs owning property on the east-west portion of the abandoned right-of-way that was subject to the July 2006 NITU but for which the STB did not extend the negotiating period, the Plaintiff's brought Count Two seeking "just

compensation" for the period of time during which their property was subject to the NITU. These Plaintiff's also seek Declaratory Judgment pursuant to the Declaratory Judgment Act 28 U.S.C. §2201 that on January 22, 2007 their property was free of any future easement for recreational trail use or future railroad reactivation. Am. Compl. pp. 25-26. This determination is essential and fundamental to their claim for monetary compensation. This determination of the period of time during which their property was subject to the NITU is essential to a determination of the amount of compensation these property owners are entitled to be paid.

Defendant does not dispute that this Court has jurisdiction over Count One and Count Two, the claims for monetary compensation brought pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). Because the Plaintiffs' declaratory judgment count is "incident of and collateral to" Count Two of Plaintiffs' claim for monetary compensation, this Court also has jurisdiction over that claim. Indeed, it would be impossible to determine the "just compensation" to which the Plaintiffs in Count Two are entitled absent a determination of the issue presented in the Plaintiff's request for declaratory relief.

## III. <u>ARGUMENT</u>

### A. The Relief Sought in Count Two, the Claim for Monetary "Just Compensation", Requires Resolution of the Precise Same Issue Raised in the Declaratory Judgment Count.

The Federal Circuit in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), and *Barclay v. United States*, 443 F.3d 1368 (2006), held that "a Trails Act taking begins and a takings claim accrues, if at all, on issuance of the NITU." The Plaintiffs herein, seeking compensation for a taking of their property, ask this Court to determine whether the taking was temporary or permanent, and provide just compensation for that taking.

The declaratory judgment count asks for this Court to decide whether the taking was temporary or permanent: a question which *must* be decided for this Court to determine the *amount* of compensation Plaintiffs are due. If the taking was temporary, Plaintiffs would likely receive different compensation than if the taking were permanent. Thus the question posed by the declaratory judgment count is "incident of and collateral to" the monetary compensation claims.

**B. Legal Standard**

"Jurisdictional determinations are questions of law." *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998); *see also*, *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002). A court will assume the facts in the Complaint are true, for purposes of the motion to dismiss, however, the plaintiff bears the burden of establishing subject matter jurisdiction when a motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1), is at issue. *Alder Terrace*, 161 F.3d at 1377.

As explained below this Court has jurisdiction over Plaintiffs' declaratory judgment count, because it is "incident of and collateral to" Count Two of Plaintiffs' First Amended Complaint. Because this Court has jurisdiction over the declaratory judgment count, Defendant's Motion to Dismiss Plaintiffs' Claim for Declaratory Relief should be denied.

**C. This Court Has Subject Matter Over Plaintiffs' Claim for Declaratory Relief Which is "Incident of and Collateral to" Plaintiffs' Monetary Claims**

> This court[, The Court of Federal Claims,] has exclusive jurisdiction to grant equitable and extraordinary relief in order to afford complete relief on any contract claim brought before the contract is awarded. *See* 28 U.S.C. § 1491(b)(2). Additionally, in order to provide an entire remedy and to complete the relief afforded by a money judgment, this court may,

> as an incident of and collateral to such money judgment, issue equitable orders. *See e.g.*, 28 U.S.C. § 1491(a)(2) (restoration to office or position, or correction of applicable records), 1494 (determination of accounts), 1496 (relief of a disbursing officer from responsibility for loss), 1507 (declaratory judgments regarding the tax exempt status of organizations under 26 U.S.C. § 7428), 1508 (judgments in partnership tax proceedings under 26 U.S.C. § § 6226, 6228(a)).

*Cherbanaeff v. United States*, 2007 WL 2049292, *13 (Fed. Cl. July 12, 2007).

Long-standing precedent supports this Court's jurisdiction over declaratory relief claims that are "incident of and collateral to" a monetary claim. *See e.g.*, *Schweiger Construction Co., Inc. v. United States*, 49 Fed.Cl. 188, 207 (2001) ("This court may also issue declaratory rulings that are 'incident of and collateral to' a money judgment."); *Daluz v. United States*, 73 Fed.Cl. 129, 133 (2006) (holding that the Court of Federal Claims can award equitable relief that is "'incident of and collateral to' a money judgment."); *Gentry v. United States*, 546 F.2d 343, 355 (Ct. Cl. 1976) (holding that the Court of Claims is authorized to award declaratory judgment that "'is tied and subordinate to a monetary award.'"); *Ellis v. United States*, 610 F.2d 760, 762 (same).

While this court is *generally* precluded from issuing declaratory judgments, it retains jurisdiction to grant such relief that is "incident of and collateral to" a monetary claim. *See e.g.*, *Schweiger*, 49 Fed.Cl. at 207. Cases cited by Defendant belie this point: in the cases cited by Defendant the petitioners either sought *only* declaratory relief or sought declaratory relief which was not "incident of and collateral to" a monetary claim. For example, in *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997), petitioners sought tort damages, which are outside the jurisdiction of the Court of Federal Claims, and exemplary damages against *individuals*, which is also outside the jurisdiction of the Court of Federal Claims. Therefore, all that remained were claims for declaratory

or injunctive relief. *Id.* at 624. Brown held that dismissal of the action was appropriate, because there was no monetary claim remaining for the equitable relief to be "incident of and collateral to." *See id.*

Defendants are correct only in that this Court does not have general jurisdiction over declaratory judgment actions, however, this Court had jurisdiction over declaratory relief actions which are "incident of and collateral to" a monetary claim. Plaintiffs have stated causes of action for permanent and temporary takings under the Fifth Amendment and the Tucker Act. Plaintiffs' recovery for a temporary taking requires a determination that their property was taken, temporarily (as opposed to permanently) and also the date upon which the temporary taking period concluded. Therefore Plaintiffs' declaratory relief sought in Count Three is "incident of and collateral to" Plaintiffs' monetary claim for a temporary taking and this Court has jurisdiction to adjudicate that claim.

## IV. <u>CONCLUSION</u>

This Court has jurisdiction over Plaintiffs' claim for declaratory relief because it is "incident of and collateral to" Plaintiffs' monetary claim for a taking. Therefore Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss Plaintiffs' Claim for Declaratory Relief.

Respectfully submitted,

LATHROP & GAGE, L.C.

Date: Sept 10, 2007

By: ______________________________

Mark F. Hearne, II
The Equitable Building
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
Telephone: (314) 613-2500
Facsimile: (314) 613-2550
E-mail: Thornet@ix.netcom.com

Franklin Square, Suite 1050 East
1300 Eye Street, NW
Washington, D.C. 20005
Telephone: (202) 962-0032
Facsimile: (202) 962-0357

Attorney for Plaintiffs