IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JACK LADD and MARIE LADD, et al., Plaintiffs, v. THE UNITED STATES OF AMERICA, Defendant. | No. 07-271 L<br>Honorable Robert H. Hodges, Jr. |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF**

On August 10, 2007 the United States filed its Motion to Dismiss Count III of Plaintiffs' Amended Complaint because the Court does not have jurisdiction to issue declaratory relief in a Fifth Amendment taking case. Plaintiffs responded on September 10, 2007, contending that the Court has jurisdiction to issue declaratory relief in any case as long as it is "incident of and collateral to" a monetary claim. The United States herein replies.

Fundamental to the determination of this Court's jurisdiction to adjudicate Plaintiffs' claim for declaratory relief is whether there is an express statutory grant of jurisdiction to hear such a claim. The Supreme Court has stated unequivocally that "[i]n the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments." United States v. King, 395 U.S. 1, 5 (1969). Thus, this Court need only look at the statutory provisions cited by Plaintiffs in their opposition brief to determine whether it may entertain Plaintiffs' claim for declaratory relief. See Plaintiffs'

Response Motion and Supporting Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiffs' Claim for Declaratory Relief ("Pls. Mem.") at 8-9.

Each of the provisions cited by Plaintiffs, however, is clearly limited to claims or forms of equitable relief that do not apply to the instant case. Moreover, because a grant of jurisdiction represents a waiver of sovereign immunity, jurisdiction "cannot be implied" from the statutory provisions cited by Plaintiffs, "but must be unequivocally expressed." King, 395 U.S. at 4; United States v. Testan, 424 U.S. 392, 399 (1976). Because none of the provisions cited by Plaintiffs grant this Court jurisdiction to adjudicate a claim for declaratory relief in a Fifth Amendment taking case, Plaintiffs' claim for declaratory relief must be dismissed.

## I. The Statutory Provisions Cited by Plaintiffs Do Not Unequivocally Grant Jurisdiction to this Court to Issue Declaratory Relief

Plaintiffs first cite to 28 U.S.C. § 1491(b)(2) as a ground for this Court to issue declaratory relief (see Pls. Mem. at 8), but acknowledge that this provision only applies to claims related to government contracts. Given that the instant case does not involve a contract claim, this provision cannot and does not grant jurisdiction to this Court to entertain a request for declaratory relief.

Plaintiffs then cite to 28 U.S.C. § 1491(a)(2) as their principal support for the proposition that this Court can entertain claims for equitable relief in money-mandating cases. Plaintiffs suggest that this statutory provision grants the Court jurisdiction to entertain equitable relief that is "incident of and collateral to" a claim for a money judgment. Pls. Mem. 8-10. Plaintiffs, however, have selectively quoted from the Tucker Act to craft their argument, omitting certain critical language. When read in its entirety, this provision is not an unequivocal grant of jurisdiction to adjudicate a request for declaratory relief in all money-mandating cases or in

which jurisdiction is premised upon the Tucker Act. 28 U.S.C. § 1491. Instead, when read in its entirety, it is clear that this statutory provision only grants jurisdiction to entertain requests for equitable relief when addressing pay and job classification issues for current and former federal employees:

> To provide an entire remedy and to complete the relief afforded by the judgement, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. § 1491(a)(2) (emphasis added).

While this statutory provision grants this Court jurisdiction to issue certain forms of equitable relief in employment cases, it does not open the door for the Court to issue equitable relief in any case seeking money damages from the government. The statute is clear in its limitation. Moreover, even if the statute was ambiguous in terms of the scope of the grant of jurisdiction, because any waiver of sovereign immunity must be "unequivocally expressed," the provision must be narrowly construed to deny jurisdiction. King, 395 U.S. at 4; United States v. Testan, 424 U.S. 392, 399 (1976). In short, because the instant Fifth Amendment takings case bears no relationship to the wage and job classification orders allowed by 28 U.S.C. § 1491(a)(2), it does not provide a jurisdictional basis for the imposition of declaratory relief in this case.

Finally, Plaintiffs cite to a number of statutory provisions that facially do not apply to the instant case and cannot form the basis for jurisdiction here:

- 28 U.S.C. § 1494 – determination of accounts;
- 28 U.S.C. § 1494 – relief of a disbursing officer from responsibility for loss;

- 28 U.S.C. § 1507 – declaratory judgments regarding the tax exempt status of organizations; and
- 28 U.S.C. § 1508 – judgments in partnership tax proceedings.

Because none of the statutory provisions cited by Plaintiffs include an unequivocal grant of jurisdiction to adjudicate declaratory relief in a Fifth Amendment takings case, this Court lacks jurisdiction to hear Plaintiffs' claim for declaratory relief, which must be dismissed.

## II. The Cases Cited by Plaintiffs Do Not and Cannot Expand the Court's Jurisdiction to Entertain Requests for Equitable Relief to All Money-Mandating Cases

The limits of this Court's jurisdiction to entertain requests for equitable relief are borne out by the very cases cited by Plaintiffs. The only case cited by Plaintiffs in which the court actually held that it had jurisdiction to adjudicate a claim for declaratory relief addressed the exact type of declaratory relief that is unequivocally granted by the Tucker Act: a request for a declaration related to a former government employee's retirement status. Ellis v. United States, 610 F.2d 760, 761 (Ct. Cl. 1979). In Ellis, the plaintiff argued that he was entitled to a monetary judgment as the result of the government's failure to provide a retirement annuity to him. Incident to the claim for monetary relief, Ellis sought a declaration that his job status should properly have been classified as "fire fighter." Under the applicable statute, the designation of "fire fighter" qualified the plaintiff for a retirement annuity. Id. at 761-62. The court properly held that it does not normally have jurisdiction to adjudicate requests for declaratory relief. Id. at 762. The court concluded, however, that 28 U.S.C. § 1491(a)(2) provided a specific and unequivocal grant of jurisdiction in that case because (1) the case was a money-mandating case under the Tucker Act; and (2) the declaration related to "'...placement in appropriate duty or *retirement* status....'" Id. (emphasis in original).

The declaration in the instant case, however, bears no relationship to the types of equitable relief that are allowed by 28 U.S.C. § 1491(a)(2), such as declarations regarding proper job and retirement status. Indeed, the declaration sought by Plaintiffs has nothing to do with government employment issues and, instead, relates to the ownership of property. Ownership of property is not among the limited instances in which 28 U.S.C. § 1491(a)(2) grants this Court jurisdiction to hear claims for equitable relief. As such, Plaintiffs' claim for declaratory relief must be dismissed.

The other cases cited by Plaintiffs simply do not apply to the instant case.[1/] See Schweiger Construction Co. v. United States, 49 Fed. Cl. 188 (2001); Daluz v. United States, 73 Fed. Cl. 129 (2006); Gentry v. United States, 546 F. 2d 343 (Ct. Cl. 1976). In Schweiger the plaintiff was relying upon Congress's grant of jurisdiction to the Court of Claims to consider equitable relief in government contract cases. 28 U.S.C. § 1491(b)(2). Schweiger, 49 Fed. Cl. at 207. Since this is not a government contract case, Schweiger provides no authority for the position pressed by Plaintiffs.

Plaintiffs suggest that their remaining cases stand for the proposition that this Court has jurisdiction to entertain any relief that is "incident of and collateral to" a money judgment. Neither of the cases, however, reach such a sweeping conclusion. Instead, the cases properly hold that before a case, including claims for equitable relief, can even be considered by this Court, the plaintiff must demonstrate that the complaint seeks a monetary judgment. In each case, the Court found that the claim was not tied to a monetary award. Since the plaintiffs were

---

[1/]It is also notable that in each of the remaining cases cited by Plaintiffs, the court found that it lacked jurisdiction to consider claims for declaratory relief.

unable to meet this threshold issue in each of the cases cited by Plaintiffs, the court did not proceed to the second step of the analysis: whether there is an express grant of jurisdiction to consider the specific form of equitable relief sought by the plaintiff. Daluz, 73 Fed. Cl. at 133 ("Since Plaintiff does not have an equitable claim that is 'incidental of and collateral to' a monetary judgment, the court does not have jurisdiction to adjudicate Plaintiff's declaratory judgment claim."); Gentry, 546 F. 2d at 355 ("We are authorized to [consider declaratory relief] only where 'it is tied and subordinate to a monetary award.'"). Because these cases do not stand for the sweeping proposition propounded by Plaintiffs, they do not and cannot obviate the Supreme Court's mandate that jurisdiction must be clearly and unequivocally granted by Congress.

## III. Declaratory Relief is Not Necessary for the Court to Fully Adjudicate Plaintiffs' Takings Claims

Plaintiffs also offer a novel theory that declaratory relief is somehow required before the Court can decide whether the alleged takings are permanent or temporary. Pls. Mem. at 8. Plaintiffs provide no case support for this assertion and no logical basis for the claim. The Court is fully able to adjudicate the question of whether an alleged taking is temporary or permanent – and, if warranted, award just compensation commensurate with any such decision – without issuing declaratory relief.

## IV. Conclusion

Because this Court lacks jurisdiction to hear Plaintiffs' claim for declaratory relief as set forth fully above, Defendant respectfully requests that the Court dismiss Count Three of Plaintiffs' Amended Complaint.

October 1, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ Rachel A. Dougan by /s/ James D. Gette
RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024