# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al., | ) | No. 07-271 L |
| | ) | |
| | ) | Honorable Robert H. Hodges, Jr. |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the Court of Federal Claims ("RCFC"), the parties hereby file this Joint Preliminary Status Report. Where the parties have been unable to reach agreement on a joint statement, separate statements by Plaintiffs and the United States are provided.

**(a) Does the court have jurisdiction over the action?**

The parties agree that the Court of Federal Claims has jurisdiction over Counts One and Two of Plaintiffs' First Amended Complaint under 28 U.S.C. § 1491(a)(1). The United States believes that the Court does not have jurisdiction to issue the declaratory relief sought in Count Three of Plaintiffs' First Amended Complaint and has filed a motion to dismiss that count pursuant to Rules 12(b)(1) and 12(h)(3) of the Court of Federal Claims. Docket No. 8. Plaintiffs believe the Court does have jurisdiction over this count and have filed an opposition to Defendant's motion to dismiss. Docket No. 10. This issue has been fully briefed and is awaiting hearing and decision by the Court.

**(b) Should the case be consolidated with any other case?**

No. This case should not be consolidated with any other case.

**(c) Should trial of liability and damages be bifurcated?**

Yes. The parties agree that the case should be bifurcated, with liability being decided first. As noted below, the parties further agree that the threshold questions involving title and the question of liability should be resolved on summary judgment following a period of discovery.

**Plaintiffs Statement:**

The Plaintiffs believe that the initial issue of whether National Trails System Act Amendments of 1983, 16 U.S. C. §1247(d) ("Trails Act") and action of the federal Surface Transportation Board ("STB") pursuant to the Trails Act constituted a taking the named Plaintiff's property should be determined upon an initial motion for summary judgment heard before closing the class and before determining the damages for any such taking. This same approach of resolving the government's liability as to the named plaintiffs (upon initial cross motions for summary judgment) prior to closing the class was agreed to by the Defendant and property owners and ordered by the Court in similar Trails Act class action takings cases. (*see*, *Illig v. United States* 98-934L, *Miller v. United States*, 03-2489L and *Moore v. United States*, 93-134L. Joint Stipulation and Order in Illig attached as Exhibit "A-1" and "A-2".)

The Plaintiffs further believe that waiting to resolve this question of the government's liability until after closing the class would potentially involve a needless waste of substantial resources by the government, this Court and the Plaintiffs. Should this Court conclude that - under Arizona law and the terms of the relevant conveyance instruments - the railroad acquired

fee title to the property upon which the railroad right-of-way was constructed (which railroad right-of-way is subject to the Trails Act by reason of the STB's July 25, 2006 NITU) there would be no need of notifying potential class members or of considering potential claims of additional opt-in class members. The Plaintiff's further note that this issue of the government's liability for a taking of the named Plaintiff's property can be determined upon the basis of established Arizona law and several instruments recorded with the Cochise County Arizona Recorder of Deed's Office, most of which are included as exhibits to pleadings already filed in this case and several documents filed with the Surface Transportation Board. As such, only very limited discovery is required to resolve this issue. The Plaintiffs anticipate filing a motion for partial summary judgment on this issue on or before October 19, 2007.

Should it be determined that the government is liable for a taking of the named Plaintiffs' property, this case can proceed to valuation of the property interests that have been taken in a manner similar to that adopted by the Court in *Miller* and *Illig*.

**Defendant's Statement:**

Plaintiffs plan to move for class certification on or before October 15, 2007. *See infra* at (f). Then, *just four days later* and prior to initial disclosures or any discovery, Plaintiffs plan to file a motion for partial summary judgment on the issue of the United States liability for the named Plaintiffs. *See supra* and *infra* at (f). Defendant believes that such a summary judgment motion would be premature and that Plaintiffs' proposed schedule is an inefficient way to resolve liability issues in this case. At a minimum, before the parties proceed to file summary judgment briefs on liability issues, Plaintiffs should be required to move for class certification, that class should be defined and certified by the court, notice should be sent to potential class

members, and those potential members should be required to affirmatively opt-in to the class in accordance with the CFC rules. The schedule proposed by Plaintiffs leaves no opportunity for the government to even learn who is a potential member of the class asserting claims against it or what particular property interests are claimed by potential class members in this case. Plaintiffs' proposed schedule also eliminates any opportunity for the United States to consider whether it is necessary to file summary judgment briefs, or whether some liability-related issues can be resolved by negotiation.

In addition, the schedule proposed by Plaintiffs will likely lead to multiple rounds of summary judgment briefing. The property interests, if any, held by the named Plaintiffs may be very different than other potential members of a class, should one be certified. Plaintiffs' proposal will likely necessitate multiple summary judgment briefs – the first with respect to the named Plaintiffs and the second with respect to all other class members. Therefore, Plaintiffs' proposal to resolve the government's liability for only the named Plaintiffs prior to even certifying a class, would be inefficient in reaching full resolution in this case. Moreover, unless and until the Court certifies this case as a class action, Plaintiffs' counsel of record has not been appointed as class counsel under RCFC 23(f) and cannot yet represent the interests of the class.

Plaintiffs' statement that their proposal is the "same approach of resolving the government's liability" is incorrect. In each of the cases cited by Plaintiffs – *Illig*, *Miller*, and *Moore* – plaintiffs' counsel first moved for class certification, class was defined and certified, notice was transmitted, and individuals were provided an opportunity to join into the class before the question of liability was briefed. *See Illig v. United States*, Case No. 1:98-cv-00934-EGB at Docket Nos. 42-60; *see also Miller v. United States,* Case No. 1:03-cv-02489-EGB, at Docket

Nos. 11, 20, 21, 25, 27-32, 44 (showing that motion for class certification was filed, the class was defined, potential members were notified, and a book indexing the claims was prepared, prior to motions for summary judgment); *Moore v. United States*, Case No. 1:93-cv-00134-EGB at Docket Nos. 4, 47, 51, 54, 56, 74, 75) (showing that motion for class certification was filed, the class was defined, and potential class members were notified prior to motions for summary judgment). The United States' proposal here is in accordance with this past procedure, and is the most efficient course.

Defendant therefore respectfully requests that a schedule for summary judgment briefing be postponed until after Plaintiffs move for class certification and, if appropriate, the class is defined and certified by the court, class counsel is appointed, notice is sent to potential class members, and those potential members are provided an opportunity to opt-in to the class in accordance with RCFC 23(a)-(f). During this time, the parties would also be able to conduct discovery on title and liability issues so that the parties can determine whether agreement might be reached on any particular issues. After the class has been defined and closed, the United States anticipates that title-related issues and the question of liability could be resolved either by stipulation or on motions for summary judgment.

**(d) Should further proceedings in this case be deferred pending consideration of any other tribunal?**

No. The parties are not aware of any case which would necessitate the deferral of this action.

**(e) Will a remand or suspension be sought?**

No. The parties are not seeking a remand or suspension.

**(f) Will additional parties be joined?**

The parties do not anticipate joining additional parties. Plaintiffs add the following statements: The Plaintiff has sought certification of this case as an opt-in class pursuant to RCFC 23. The Plaintiff anticipated filing the motion and memorandum of law in support of class certification on or before October 15, 2007.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, a schedule for the intended filing.**

As noted above, Defendant has filed a motion to dismiss Count Three of Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Court of Federal Claims. Docket No. 8.

Plaintiffs state that they anticipate filing a motion for partial summary judgment pursuant to Rule 56 RCFC on the threshold issue of the Government's liability for taking the named Plaintiff's property on or before October 19, 2007.

Defendant believes that the parties should first conduct initial discovery on Counts One and Two limited to title and liability issues. Then, following the title and liability-related discovery, the United States will determine whether it intends to file a motion for summary judgment.

**(h) What are the relevant factual and legal issues?**

**<u>Plaintiffs' Statement:</u>**

1. Under Arizona law and the terms of the relevant conveyance instruments, what was the nature of the interest originally acquired by the railroad company and, correspondingly, the nature of the interest retained by the original grantors, if any?

2. If the railroad obtained only an easement or license to use the Plaintiff's property

for operation of a railroad, under the terms of the relevant conveyance instruments and Arizona law, has that easement been abandoned by the railroad or otherwise extinguished by operation of Arizona law and the terms of the relevant conveyance instruments?

3. Under Arizona law and the terms of the relevant conveyance instruments, did the railroad's right to use property owned by the Plaintiffs include the right to convey the property to a non-railroad for use as a public access recreational trail?

4. Under Arizona law, were the Plaintiffs the owners of an interest in property subject to the NITU on July 26, 2006, the date on which the STB issued the NITU? (*See, Caldwell v. United States*, 391 F3d 1226 (Fed. Cir., 2004), *Barclay v. United States*, 443 F 3d. 1368 (Fed. Cir. 2006).)

5. Did the STB's issuance of a NITU pursuant to the Trails Act result in the taking of an interest in property owned by Plaintiffs under Arizona law? (*See, Preseault v. United States*, 494 U.S. 1 (1990), *Preseault v. United States*, 100 F 3d 1525 (Fed. Cir. 1996).)

6. If the Court determines that there has been a taking of Plaintiff's interest in their property, what is the amount of "just compensation" due to each Plaintiff under the Fifth Amendment for the value of the Plaintiffs' property taken, as valued on the date of taking?

7. If the Court determines that there has been a taking of Plaintiff's interest in their property, what is the amount of "just compensation" due each Plaintiff under the Fifth Amendment for the delay between the date the Plaintiff's property was taken and the date the government finally pays compensation for the value of the property that was taken?

8. If the Court determines that there has been a taking of Plaintiff's interest in their property, what amount of "costs, disbursements and expenses, including reasonable attorney,

appraisal and engineering fees," are owed the Plaintiffs pursuant to the Uniform Relocation Assistance and Real property Acquisition Policies Act of 1970, 42 U.S.C. §4654 (c)?

**Defendant's Statement of Relevant Factual and Legal Issues:**

1. Is class certification appropriate?

2. With respect to each parcel of property at issue in this case, what was the nature of the interest originally acquired by the railroad company and, correspondingly, the nature of the interest retained by the original grantors, if any?

3. In the event that the original grantors to the railroad retained an interest in the lands at issue in this case, were the plaintiffs the owners of that interest on the date of the alleged taking?

4. If the railroad obtained only an easement, what is the scope of that easement and does that easement allow for railbanking (i.e., preservation of the easement for future rail use) and interim trail use?

5. If the railroad obtained only an easement, has that easement been abandoned by the railroad or otherwise extinguished by law?

6. Did the issuance of a Notice of Interim Trail Use ("NITU") by the Surface Transportation Board result in a taking of the plaintiffs' property?

7. If the Court determines that there has been a taking of plaintiffs' property, what is the amount of just compensation due?

**(i) What is the likelihood of settlement? Is ADR contemplated?**

The parties agree that further exploration of the facts are necessary before they can determine the likelihood of settlement. The parties further agree that they will consider the

possible use of alternative dispute resolution procedures after exploration of the underlying facts.

**(j) Do the parties anticipate proceeding to trial?**

At this time, the parties do not believe that a trial to determine the liability issue will be necessary. The parties anticipate that this issue can be likely resolved on motions for summary judgment. If a trial is necessary, it will likely concern the value of certain individual parcels of property on which the parties can not reach agreement. At this time, neither party requests expedited trial scheduling.

**(k) Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management that need to be raised at this time.

**(l) Is there other information of which the court should be aware at this time?**

The parties are not aware of any other information of which the Court should be aware at this time.

**Discovery Plan**

**<u>Plaintiffs' Statement:</u>**

The Plaintiff believes that the Rule 26 disclosures can be made in a timely manner on October 23, 2007.

The Plaintiff believes that only limited discovery is required to address the legal issues in the initial cross motions for partial summary judgment on the question of what interest the railroad obtained in the property upon which the railroad right-of-way was constructed and whether the named Plaintiffs are the owners of property that is subject to the NITU.

The Plaintiff's believe that more extensive discovery should await a decision by this Court on the party's cross motions for summary judgment on the question of the governments' liability to the named Plaintiffs. Should this Court find that the government has taken an interest in the named Plaintiff's property, the Plaintiff's propose that within 15 days of that decision the parties submit to the Court a proposed Joint Status Report proposing timeframes for discovery related to any claims by opt-in class members and property valuation and damages.

**Defendant's Statement:**

Defendant respectfully requests that the deadline for their Rule 26 disclosures be extended until November 15, 2007.

Defendant believes that it is premature to propose a discovery plan prior to resolution of Plaintiffs' motion for class certification, which will not be filed until on or before October 15, 2007. Defendant proposes that should Plaintiffs' class motion be granted, the parties would submit a proposed discovery schedule after the class has been defined and certified by the Court. Should Plaintiffs' class motion be denied, the parties would submit a proposed discovery schedule within two weeks after the Court's decision.

This Joint Preliminary Status Report has been jointly prepared by the parties. To facilitate the timely filing of this report, Plaintiffs' counsel of record has authorized the undersigned counsel of record for Defendant to file this report without his signature.

October 9, 2007

Respectfully submitted,

LATHROP & GAGE, L.C.

/s/Mark F. Hearne, II (as authorized 10/9/2007)
Mark F. Hearne, II
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708

(314) 613-2500
(314) 613-2550 (fax)

Counsel for Plaintiffs

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ Rachel A. Dougan
RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Counsel for Defendant

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024