Track to be abandoned




San Pedro Railroad Operating Co., LLC

STB Docket No. AB-1081X

Decision ID 36361

EXHIBIT

A

37200
DO

SERVICE DATE – JULY 26, 2006

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-1081X

SAN PEDRO RAILROAD OPERATING COMPANY, LLC—ABANDONMENT EXEMPTION—IN COCHISE COUNTY, AZ

Decided: July 25, 2006

By decision served February 3, 2006, the Board, under 49 U.S.C. 10502, exempted from the prior approval requirements of 49 U.S.C. 10903 the abandonment by San Pedro Railroad Operating Company, LLC (SPROC) of approximately 76.2 miles of railroad line in Cochise County, AZ, as follows: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, a distance of 5.6 miles; and (2) the Douglas Branch (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, a distance of 9.2 miles, (b) between milepost 1055.8 near Charleston and milepost 1097.3 near Paul Spur, a distance of 41.5 miles, and (c) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, a distance of 19.9 miles. The exemption was scheduled to become effective on March 5, 2006, unless an offer of financial assistance (OFA) was filed on or before February 13, 2006.

On February 13, 2006, Sonora-Arizona International LLC (Sonora) timely filed an OFA under 49 U.S.C. 10904 and 49 CFR 1152.27(c) to purchase the line. By decision served on February 17, 2006, the Board, by the Director of the Office of Proceedings, found Sonora to be financially responsible and postponed the effective date of the exemption to permit the OFA process to proceed. Subsequently, on March 17, 2006, Sonora filed a request that the Board set the terms and conditions for the sale of this line. Thereafter, in a decision served on April 13, 2006, the Board set the purchase price for the line at $5,632,644, on the condition that SPROC agree to indemnify Sonora for title defects, and established terms for transfer of the line. In that decision, the Board also directed SPROC to notify Sonora and the Board by April 18, 2006, if it agrees to indemnify Sonora for title defects.

By letter filed on April 21, 2006, SPROC agreed to provide such indemnification and stated that it would include appropriate documentation with the draft purchase and sale agreement that SPROC would provide Sonora. On April 24, 2006, Sonora filed notice that it accepted the Board's terms and conditions, noting that it expected closing on this transaction to take place on or before July 12, 2006. The Board approved the sale and dismissed the petition for exemption, effective on the date the sale was consummated, in a decision served on May 3, 2006.

EXHIBIT
tabbies
B

On July 12, 2006, Sonora filed a notice indicating its withdrawal of its OFA in this proceeding. On July 13, 2006, SPROC filed a letter requesting that the Board vacate the May 3 decision authorizing the sale and authorize SPROC to abandon this line without further delay. On July 20, 2006, SPROC filed a letter indicating its willingness to enter into trail use negotiations previously requested by the Trust for Public Land (the Trust) under section 8(d) of the National Trails System Act, 16 U.S.C. 1247(d) (Trails Act).

When an entity offering to purchase a line later notifies the Board that it is withdrawing its OFA, the Board will serve a decision vacating the decision which postponed the effective date of the decision granting the exemption. See 49 U.S.C. 10904 and 49 CFR 1152.27(g)(2). Accordingly, the OFA process will be terminated, and the May 3 decision will be vacated to permit the prior abandonment authorization for the line subject to the OFA to become effective on the service date of this decision.

As indicated in the February 3, 2006 decision, the Trust submitted a request for issuance of a notice of interim trail use (NITU) for the subject line under the Trails Act, in order to negotiate with SPROC for acquisition of the right-of-way for interim trail use. The Trust at that time also submitted a statement of willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to future reconstruction and reactivation for rail service as required under 49 CFR 1152.29. However, because SPROC had not indicated whether it was willing to enter into negotiations, the Board did not issue a NITU in its February 3 decision. Because SPROC has since notified the Board of its willingness to enter into trail use negotiations with the Trust, a 180-day period will now be authorized for the parties to negotiate an interim trail use/rail banking agreement. Moreover, the Trust had simultaneously submitted a request for a public use condition under 49 U.S.C. 10905 for 180 days, which the Board authorized in its February 3 decision. The Board noted that operation of the public use procedures could be delayed, or even foreclosed, by the financial assistance procedures under 49 U.S.C. 10904. Such procedures were subsequently delayed by Sonora's OFA. Because the OFA process will now be terminated, the public use condition and NITU periods will commence with the effective date of this decision.

This decision and notice will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. The request for permission to withdraw the OFA is granted and the financial assistance process in this proceeding is terminated.

3. The decision served on February 17, 2006, is vacated to the extent it postponed the effective date of the abandonment exemption to permit the OFA process to proceed.

4. The abandonment exemption will become effective on the service date of this decision and notice, subject to the conditions imposed in the February 3 decision, and subject to the NITU issued in this decision.

5. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

6. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations for the right-of-way.

7. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

8. If an agreement for interim trail use/rail banking is reached by January 22, 2007, interim trail use may be implemented. If no agreement is reached by that time, SPROC may fully abandon the line, provided the previously imposed conditions are met.

9. This decision and notice is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams
Secretary

37728
DO

SERVICE DATE – FEBRUARY 14, 2007

SURFACE TRANSPORTATION BOARD

DECISION

STB Docket No. AB-1081X

SAN PEDRO RAILROAD OPERATING COMPANY, LLC—ABANDONMENT EXEMPTION—IN COCHISE COUNTY, AZ

Decided: February 12, 2007

By decision served February 3, 2006, the Board, under 49 U.S.C. 10502, exempted from the prior approval requirements of 49 U.S.C. 10903 the abandonment by San Pedro Railroad Operating Company, LLC (SPROC) of approximately 76.2 miles of railroad line in Cochise County, AZ, as follows: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, a distance of 5.6 miles; and (2) the Douglas Branch (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, a distance of 9.2 miles, (b) between milepost 1055.8 near Charleston and milepost 1097.3 near Paul Spur, a distance of 41.5 miles, and (c) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, a distance of 19.9 miles. The exemption was scheduled to become effective on March 5, 2006, unless an offer of financial assistance (OFA) was filed on or before February 13, 2006.

On February 13, 2006, Sonora-Arizona International LLC (Sonora) timely filed an OFA under 49 U.S.C. 10904 and 49 CFR 1152.27(c) to purchase the line. By decision served on February 17, 2006, the Board, by the Director of the Office of Proceedings, found Sonora to be financially responsible and postponed the effective date of the exemption to permit the OFA process to proceed. Subsequently, on March 17, 2006, Sonora filed a request that the Board set the terms and conditions for the sale of this line. The Board did so in a decision served on April 13, 2006. On April 24, 2006, Sonora filed notice that it accepted the Board's terms and conditions. The Board approved the sale and dismissed the petition for exemption, effective on the date the sale was consummated, in a decision served on May 3, 2006.

On July 12, 2006, Sonora filed a notice indicating its withdrawal of its OFA in this proceeding. On July 13, 2006, SPROC filed a letter requesting that the Board vacate the May 3 decision authorizing the sale and authorize SPROC to abandon this line. On July 20, 2006, SPROC filed a letter indicating its willingness to enter into trail use negotiations previously requested by the Trust for Public Land (the Trust) under the National Trails System Act, 16 U.S.C. 1247(d) (Trails Act). By a decision served on July 26, 2006, the Board reopened the proceeding, granted Sonora permission to withdraw its OFA, terminated the financial assistance process, and vacated the February 17, 2006 decision to the extent it postponed the effective date of the

EXHIBIT
C

abandonment exemption. In the same decision, the Board also imposed a public use condition and issued a notice of interim trail use (NITU) for the subject line under the Trails Act, authorizing the Trust to negotiate an interim trail use/rail banking agreement with SPROC until January 22, 2007.

On January 22, 2007, the Trust filed a request for a 30-day extension of the NITU negotiating period. The Trust states that it and SPROC are in the process of completing negotiations on an option for the Trust's purchase of the portions of the subject right-of-way owned by SPROC in the Douglas Branch as follows: (a) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, and (b) between milepost 1055.8 near Charleston and approximately milepost 1074.3 at the intersection of the rail line with State Highway 92 (subject right-of-way). The Trust states that additional time is needed for the parties to negotiate an option agreement for the property in the subject right-of-way.

According to the Trust, the subject right-of-way will not include portions of the railroad line designated under the original abandonment and NITU filing described as: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, and (2) portions of the Douglas Branch, specifically (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, and (b) between approximately milepost 1074.3 at the intersection with State Highway 92 and milepost 1097.3 near Paul Spur. According to the Trust, SPROC has indicated that it desires to remove these portions of the right-of-way from continued trail use negotiations.

In a letter filed January 25, 2007, SPROC acknowledged receipt of the Trust's extension request and consented to the extension for those portions of the property in the subject right-of-way identified by the Trust.

On January 29, 2007, SPROC filed a letter stating that it had consummated the abandonment of the line between: (1) milepost 1084.0 and milepost 1097.3 at Paul Spur, (2) milepost 1097.3 at Paul Spur and milepost 1106.5 near Douglas, and (3) milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee.[1]

Where, as here, the carrier has not consummated the abandonment at the end of the previously imposed negotiating period and has indicated its willingness to continue negotiations by requesting an extension, the Board retains jurisdiction and the NITU negotiating period may be extended. Under the circumstances, further extension of the negotiating period is warranted. See Birt v. STB, 90 F.3d 580, 588-90 (D.C. Cir. 1996); Grantwood Village v. Missouri Pac. R.R. Co., 95 F.3d 654, 659 (8th Cir. 1996). Accordingly, the NITU negotiating period will be extended to February 21, 2007.

---

[1] The status of the segment of the right-of-way between milepost 1074.3 at the intersection of the rail line with State Highway 92 and milepost 1084.0 was not mentioned by SPROC in its January 29 letter.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. Petitioner's request to extend the NITU negotiating period is granted.

2. The NITU negotiating period is extended until February 21, 2007, for the portion of the line: (a) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, and (b) between milepost 1055.8 near Charleston and approximately milepost 1074.3 at the intersection of the rail line with State Highway 92.

3. This decision is effective on the date of service.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams
Secretary