# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al., Plaintiffs, | ) | |
| v. | ) | No. 07-271 L |
| THE UNITED STATES OF AMERICA, Defendant. | ) | Honorable Robert H. Hodges, Jr. |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION

On October 15, 2007, Plaintiffs filed their Motion to Certify Class Action Pursuant to Rule 23 RCFC ("Pls. Mot.") and Plaintiffs' Memorandum in Support of Motion to Certify Class Action ("Memorandum" or "Pls. Mem.") (collectively, the "Filings"). In their Filings, Plaintiffs seek to certify an opt-in class of "fee owners of property located in Cochise County, Arizona." Pls. Mem. at 1. Plaintiffs seek to bring the class action as "representative parties on behalf of all other landowners holding title to property in Cochise County, Arizona whose property has [allegedly] been taken or damaged as a result of the conversion of their property to a public-use recreational trail pursuant to the National Trails System Act and that Notice of Interim Trail Use ("NITU") issued by the Surface Transportation Board ("STB") on July 25, 2006 . . . ." Pls. Mot. at 1. Plaintiffs estimate "that there are approximately 100 individuals or entities who own fee parcels" that abut the portion of the rail corridor that is allegedly impacted by the July 25, 2006 NITU. Pls. Mem. at 13.

In some instances there are misstatements of law and fact contained in Plaintiffs' Filings. In other instances, the Filings contain statements without support to any evidence or law. In

defense of the instant case, Defendant fully reserves its right to challenge any misstatements or unsupported statements made by Plaintiffs in their Filings. The unsupported and incorrect statements in the Filings include, but are not limited to, the following examples:

(a) Plaintiffs assert that their property "has been taken . . . as a result of the conversion of their property to a public-use recreational trail pursuant to the National Trails System Act and that Notice of Interim Trail Use ("NITU") issued by the Surface Transportation Board ("STB") on July 25, 2006...." Pls. Mot. at 1. To date, however, the railroad corridor has not been "converted" to a recreational trail. In fact, the negotiating period provided in the NITU has passed without an agreement and no discussions for conversion are currently ongoing. Thus, at most, Plaintiffs can assert a claim for only a temporary taking.

(b) Plaintiffs state that "the El Paso and Southwestern Railroad acquired an approximately 76 mile long easement across the Plaintiffs' property (the 'easement'). The easement was granted for the express purpose of the construction and operation of a railroad and not for any other purpose." Pl. Mem. at 1. Because Plaintiffs have not provided any evidence to support this statement and have not yet provided their initial disclosures pursuant to RCFC 26, Defendant has no way to determine if this statement is, in fact, accurate. Before any finding of liability, Plaintiffs must meet their burden of producing competent evidence that supports their allegation that the interest acquired by the El Paso and Southwestern Railroad, and its successors, along the entire corridor is an easement and that the easement is clearly and unequivocally limited to "construction and operation of a railroad and not for any other purpose."

(c) As a legal matter, Plaintiffs conclude that "whether a railroad has the right to use a specific strip of real estate for operation of a railroad – and what uses can be made of this real

estate pursuant to this right – is exclusively a question of the relevant state's real property law." Pls. Mem. at 2, n.1. This is not a correct statement of the law. There are, in fact, instances in which federal law governs the scope of the property interest acquired by a railroad. For example, the scope of easements granted pursuant to the General Railroad Right-of-Way Act of March 3, 1875, ch. 152, 18 Stat. 482 (codified as 43 U.S.C. §§ 934-939 (1982)), are governed by federal law. State of Idaho v. Oregon Short Line R.R. Co., 617 F. Supp. 207, 212 (D. Idaho 1985).

Notwithstanding the misstatements and unsupported statements contained in Plaintiffs' Memorandum – and while reserving its rights as set forth above – Defendant recognizes that prior precedent has found class certification to be appropriate in "rails-to-trails" takings cases. As such, Defendant does not oppose the granting of Plaintiffs' Motion to Certify a Class Action in this case.

November 8, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ Rachel A. Dougan

RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024