**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al., | ) | No. 07-271 L |
| | ) | |
| | ) | Honorable Robert H. Hodges, Jr. |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO APPROVE PROPOSED SCHEDULE**

## I. Introduction

The United States requests that the Court approve the attached proposed scheduling order. See Exhibit 1. As discussed below, Plaintiffs have stated their intention to file a motion for partial summary judgment with respect to the named plaintiffs before initial disclosures have been provided, before potential class members have been notified about this case, and well before the Court closes the class. See, e.g., Joint Preliminary Status Report, filed Oct. 9, 2007 (Doc. No. 16). The parties discussed Plaintiffs' counsel's proposal with the Court during a telephonic conference on October 17, 2007. The United States opposes Plaintiffs' stated intention to immediately brief liability and proposes a schedule that contemplates the filing of summary judgment briefs after class has closed. As explained below, the United States' proposed schedule is the most efficient way to handle this matter, is consistent with the schedules adopted in similar Rails-to-Trails takings cases before this Court, and will likely avoid

multiple rounds of liability-related summary judgment briefing, saving both the Court and the parties substantial time and resources. In contrast, moving forward with Plaintiffs' proposal to complete liability-related briefing before the class closes would be inefficient, is inconsistent with past practice, is likely to result in multiple rounds of liability-briefing, and raises due process concerns with respect to unnamed class members. For these reasons, the Court should approve the United States' proposed schedule.

## II. Procedural Background

Plaintiffs' First Amended Complaint seeks just compensation for both alleged permanent and temporary takings without just compensation in violation of the Fifth Amendment as the result of the Surface Transportation Board's ("STB") issuance of a Notice of Interim Trail Use ("NITU") pursuant to the National Trails System Act, 16 U.S.C. § 1247(d) ("Trails Act"). Am. Compl. pp. 2-3 (Doc. No. 6). The Amended Complaint states that the named Plaintiffs filed their claims "in their individual capacity . . . and also as . . . representative parties on behalf of themselves and all other similarly situated landowners. . . ." Id. ¶ 59. The United States answered Counts One and Two of the Amended Complaint on August 10, 2007. Ans. (Doc. No. 9). On the same date, the United States filed a motion to dismiss Count Three of Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Court of Federal Claims. See Mot. To Dismiss (Doc. 8). The United States' motion has been fully briefed and is awaiting decision by the Court.

The parties filed a Joint Preliminary Status Report on October 9, 2007 (Doc. No. 16). In that filing, Plaintiffs suggested that they be permitted to file a motion for summary judgment "before closing the class and before determining the damages for any such taking." Id. at 2.

Specifically, Plaintiffs stated that they would move for partial summary judgment with respect to the named plaintiffs no later than October 19, 2007. See id. at 3.

On October 15, 2007, Plaintiffs filed a Motion to Certify a Class Action. See Mot. to Certify Class (Doc. No. 19). Today, the United States filed a Response to Plaintiffs' Motion for Class Certification, stating that it did not oppose the granting of Plaintiffs' motion. See Resp. to Mot. to Certify Class, dated Nov. 8, 2007 (Doc. No. 24).

Although Plaintiffs' proposed filing date for their proposed motion for partial summary judgment has already passed, the United States understands from communications with Plaintiffs' counsel that Plaintiffs still plan to file a motion for partial summary judgment with respect to certain plaintiffs before the Court closes this class and perhaps before the Court even issues a decision on Plaintiffs' Motion for Class Certification. For the reasons stated below, this course of action should not be allowed.

**III. The Court Should Adopt the United States' Proposed Case Management Schedule**.

For the reasons set forth below, production of initial disclosures and the class certification process should occur prior to liability briefing. Accordingly, the Court should approve the United States' proposed Scheduling Order (Exhibit 1). The United States' proposal sets outs a schedule for efficient resolution of this case.

While the parties agree that this case ultimately can be resolved by summary judgment motions, the Rules of the Court of Federal Claims contemplate an early evaluation of a class certification motion "[w]hen a person sues or is sued as a representative of a class . . . ." RCFC 23(c)(1)(A). RCFC 23(c)(1)(A) further provides "the court must – at an early practicable time – determine by order whether to certify the action as a class action." (emphasis added). If the

Court grants the motion, the parties should then provide notice to potential class members, potential class members should be afforded an opportunity to opt-into the class, and the Court should close the class. Once the class has closed and the parties know the identity of the class members, the parties will be able to determine what, if any, discovery is necessary, and determine the contours of any negotiated settlements or dispositive motions. Plaintiffs filed this matter as a class action and have sought class certification status; there is no "practicable" reason to delay resolution of that issue or the closure of the proposed class if that motion is granted.

This is the identical procedure followed in similar Rails-to-Trails takings class actions in this Court. In other recent cases, the plaintiffs' counsel first moved for class certification, the class was defined and certified, notice was transmitted, and individuals were provided an opportunity to join into the class before the question of liability was briefed. See Illig v. United States, No. 98-934 at Doc. Nos. 42-60 (Docket Sheet attached as Exhibit 2); see also Miller v. United States, No. 03-02489, at Doc. Nos. 11, 20, 21, 25, 27-32, 44 (showing that motion for class certification was filed, the class was defined, potential members were notified, and a book indexing the claims was prepared, prior to motions for summary judgment) (Docket Sheet attached as Exhibit 3); Moore v. United States, No. 93-134 at Doc. Nos. 4, 47, 51, 54, 56, 74, 75) (showing that motion for class certification was filed, the class was defined, and potential class members were notified prior to motions for summary judgment) (Docket Sheet attached as Exhibit 4).

Second, waiting until the class closes prior to filing motions for summary judgment avoids multiple rounds of liability-related summary judgment briefing. The Rules of this Court specifically require the Court to adopt "appropriate orders [to] determin[e] the course of

proceedings or prescrib[e] measures to prevent undue repetition or complication in the presentation of evidence or argument." RCFC 23(d)(1). Moving forward with liability determination with respect to only some of the potential class members will likely result in undue repetition and complication in a case of this type. The property interests, if any, held by the named Plaintiffs may be different from the property interests of other potential members in the proposed class. If the parties were to move forward with liability-related briefing now, as Plaintiffs propose, the parties would be required to engage in multiple rounds of summary judgment briefing – first, with regard to the named plaintiffs and later, with regard to other class members whose factual circumstances differ from the claims of the named plaintiffs.

The United States' proposed approach also provides the United States an opportunity to consider whether it is even necessary to file summary judgment briefs on the issue of liability, or whether some liability-related issues can be resolved by negotiation. For example, in Miller, by waiting until after class closed before engaging in liability-related briefing, the parties limited summary judgment briefing to two claims (out of approximately 100 total claims). Permitting Plaintiffs to file a premature motion for partial summary judgment would eliminate any possibility of such an efficient resolution.

Third, Plaintiffs' proposal to file their summary judgment motion at this early date would cause further inefficiency by requiring the filing of briefing before any documents have been exchanged and before the United States has had an opportunity to engage in any liability-related discovery. If Plaintiffs' proposed schedule is adopted, the government will be forced to brief liability issues without having an opportunity to learn who is asserting claims against it or what particular property interests are claimed by potential class members in this case. Such a course

of action is unduly prejudicial to the United States and is not the most efficient procedure. See, e.g., RCFC 16(a)(3) (stating that the court may use its discretion in managing its docket to "discourag[e] wasteful pretrial activities."); RCFC 16(b)(2) (giving the court discretion to set the time for the filing of motions).

Finally, moving forward with liability-related briefing before class closes raises due process concerns with respect to unnamed class members. Because the class has not closed, Plaintiffs' counsel only represents the named plaintiffs, not the potential class members. Under Plaintiffs' proposed course of action, now unnamed class members would be permitted to join this lawsuit during (or perhaps after) the conclusion of liability-related briefing. Class members would have no ability to join the class (much less, meaningfully participate) until after initiation of summary judgment briefing. Such a procedure in this case would run afoul of this Court's notice requirement pursuant to Rule 23. See RCFC 23(d)(2) (requiring the Court to notify potential class members in such a manner so as to ensure, among other things, that class members are able to "signify whether they consider the representation fair and adequate").

## IV. Conclusion

For the foregoing reasons, the Court should adopt the United States' proposed schedule (Exhibit 1).

November 8, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ Rachel A. Dougan
RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys

Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024