**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al., | ) | No. 07-271 L |
| | ) | |
| | ) | Honorable Robert H. Hodges, Jr. |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**[PROPOSED] SCHEDULING ORDER**

1. For the reasons articulated by the United States in its Motion to Approve Proposed Scheduling Order, all liability-related briefing shall take place after class has closed, in accordance with the future orders of the Court.

2. The parties will file a proposed Class Certification Order, a proposed form of Notice for potential class members, and a proposed Entry of Appearance, on or before **December 14, 2007**. The parties will make efforts to submit a joint filing, but if the parties are unable to agree to a joint submission, each party will separately file its proposed Class Certification Order, Notice, and Entry of Appearance by December 14, 2007.

3. On or before **January 7, 2008** (or 20 days after the Court rules on Plaintiffs' Motion to Certify Class Action), Class Counsel shall file a List of Potential Property Owners, listing the following information about all known individuals or entities who may be entitled to participation in this class action:

   i. the name of the respective individual or entity,

   ii. the current or last known address of the individual or entity, and

   iii. the "Parcel ID" assigned to the property if available (and if not available, other identification or description) of the real property owned by the individual or entity.

4. On or before **January 7, 2008** (or 20 days after the Court rules on Plaintiffs' Motion to Certify Class Action), Class Counsel shall mail to each individual or entity identified on the List of Potential Class Members the following documents, together with an empty return envelope, addressed to Class Counsel:

i. the Notice, in the form approved by the Court; and

ii. a blank Entry of Appearance, in the form approved by the Court.

5. Class Counsel shall ensure that the Notice is published two times in the relevant, local newspaper, once during the week of **January 14, 2008**, and a second time during the week of **January 21, 2008** (or the two weeks after Class Counsel's mailing identified in paragraph 4 above).

6. On or before **February 4, 2008** (or 30 days after Class Counsel's mailing identified in paragraph 4 above), Class Counsel shall file an affidavit certifying that the mailing and publication has been made as provided for herein.

7. Individuals and entities who wish to opt-into this class action as a class member must submit a completed Entry of Appearance, including all attachments, to Class Counsel.

If Class Counsel believes an Entry of Appearance does not include all required information, Class Counsel shall so notify the prospective class member and suggest that the class member correct such deficiencies. Only those individuals or entities whose completed Entry of Appearance, including all attachments, is received by Class Counsel on **March 17, 2008** (or 40 days after Class Counsel files the affidavit identified in paragraph 6 above), will be considered class members in this lawsuit.

8. On or before **March 28, 2008** (or 51 days after Class Counsel files the affidavit identified in paragraph 6 above), Class Counsel shall file the following documents:

i. a Class Index, which shall identify each property for which an Entry of Appearance was received by Class Counsel on or before March 17, 2008 (or 40 days after Class Counsel files the affidavit identified in paragraph 6 above). Class Counsel shall assign a separate number to every property on the Class Index. The claim numbers should be assigned such that the properties identified in the Entry of Appearance are numerically organized from one end of the railroad corridor to the other.

ii. a Claim Book, which shall include all information provided by each class member in the Entry of Appearance, organized according to claim number.

9. Only those class members and properties identified on the Class Index and Claim Book will be considered part of this class. The class shall be closed on **March 28, 2008** (or the same date on which Class counsel completes the filing identified in paragraph 8 above).

10. Counsel for the United States shall have until **May 30, 2008** (or 60 days after the class is closed), to challenge the eligibility of any prospective class member by filing an objection to any class member based upon the Entry of Appearance and documents included with the class member's Entry of Appearance. These objections will be limited to those objections that can be determined upon a review of the Entries of Appearance

and attached documents only. Such objections, if any, shall be filed by counsel for the United States on or before May 30, 2008 (or 60 days after the class is closed). All other defenses will be reserved for the liability briefing phase.

11. After **May 30, 2008** (or 60 days after the class is closed), the Court shall hold a status conference to determine further proceedings and to set a date for the commencement of briefing on liability issues.

**IT IS SO ORDERED.**