IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JACK LADD and MARIE LADD, et al.<br><br>For Themselves and As Representatives of a Class of Similarly Situated Persons,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 07-271L<br><br>Honorable Robert H. Hodges, Jr. |

# PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO APPROVE PROPOSED SCHEDULE

COMES NOW Plaintiffs, Jack Ladd and Marie Ladd, et al., and for their Response to Defendant's Motion to Approve Proposed Schedule, hereby state as follows:

## ARGUMENT

**I. This Court has already stated that Plaintiffs were free to file their motion for partial summary judgment on the threshold issue of the government's liability.**

During the telephonic conference with the Court on October 17, 2007, the Defendant requested that this Court delay any determination of the government's threshold liability until after the class had been certified and all participating class members had "opted" in. The Plaintiffs opposed any delay in the briefing of the government's threshold liability and stated their intention to present this threshold liability issue by a motion for partial summary judgment brought under RCFC 56. The Plaintiffs understood this Court to have ruled that the Plaintiffs were entitled to file a RCFC 56 motion for partial summary judgment on the threshold liability issue. The

Plaintiffs further understood that this Court would grant the Defendant 60 days to respond to Plaintiffs' Motion for Partial Summary Judgment, should Defendant believe such additional time was necessary.

This same request to delay the Plaintiffs' ability to file a motion for partial summary judgment was also made, and subsequently lost, by the Defendant in another Trails Act taking case that is currently pending before this Court (Honorable Judge Mary Ellen Coster Williams presiding), *Rogers v. United States*, 07-273. In *Rogers*, the Honorable Judge Williams stated that to the extent the Defendant sought to delay resolving any issue of threshold liability presented by the Plaintiffs in a Motion for Partial Summary Judgment, the defendant should avail themselves of the provisions of RCFC 56.

However, almost a month later, the Defendant is still litigating this settled issue.[1] Instead of taking advantage of the remedies provided by RCFC 56 (should any be appropriate), the Defendant seeks to continually delay every aspect of this case by re-litigating this issue as in the current motion.

**II. The filing of Plaintiffs' Motion for Partial Summary Judgment prior to the closing and certification of the class is in accordance with the Rules of the U.S. Court of Federal Claims and is consistent with similar motions for partial summary judgment filed in comparable Trails Act taking cases.**

RCFC 56 states that "[a]ny party seeking to recover upon a claim...may, at any time after the expiration of 60 days from the commencement of the action in this court..., move...for a summary judgment in such party's favor." In accordance with this rule,

[1] Plaintiffs note that Defendant argued this issue before the Court in the October 17, 2007 telephonic conference, as well as in its Motion to Approve Proposed Schedule, filed November 8, 2007 (Docket No. 25),

Plaintiffs have filed a motion for partial summary judgment more than 60 days from the commencement of this action.

Allowing the parties to brief the issue of the government's threshold liability prior to closing the class has proven to be the preferred method in comparable Trails Act takings cases. Not only has this Court entered orders allowing the parties to proceed in this fashion, but this Defendant has routinely agreed to such a method. (*see*, *Illig v. United States*, 98-934L, *Miller v. United States*, 03-2489L and *Moore v. United States*, 93-134L; a copy of the Joint Stipulation and Order in *Illig* is attached as Exhibit A-1 and A-2). As explained in detail during the October 17, 2007 conference with the Court, this is the preferred method of cost-efficiently managing an opt-in class in a Trails Act takings claim because resolving this threshold issue of liability is straight-forward; the underlying question of liability is common to all potential class members and a resolution is not dependent on the nature of any single class member's claim, but instead relates to the original creation of the San Pedro and Southwestern Railroad in 1903. Further, by addressing and resolving this issue now (even while class notification and certification is ongoing and not waiting until that process has been completed) the final resolution of this case will not be delayed.

**III. Defendant's proposed approach for the briefing on Defendant's liability will needlessly delay resolution of this case by more than nine months and will substantially increase the litigation costs for the federal government.**

As previously indicated, Plaintiffs intend to file their motion for partial summary judgment prior to the closing and certification of the class. Plaintiffs anticipate having this motion for partial summary judgment filed by the end of this month. Defendant wants this Court to wait until the class is closed and certified before allowing the

liability-related briefing process to begin. Based on the Defendant's Proposed Scheduling Order, the RCFC, and other similar Trails Act takings cases, the Defendant's proposed delayed timeline will prolong this litigation by at least nine months.[2] This nine month delay not only would result in a delay of justice and compensation for the Plaintiffs whose property interests were taken on July 25, 2006, but would also result in substantial additional expenses to the government in the form of interest and delay damages.

Plaintiffs see no reason to delay resolution of these common threshold liability issues; these issues are common to all class members and do not concern claims of individual class members.[3] As such, in an effort to prevent needless delay and resolution of this matter, and to minimize litigation costs and delay damages for the federal government, Plaintiffs urge this Court to once again reject Defendant's proposed delay of the liability-related briefing.

**CONCLUSION**

Congress has been concerned about the cost of Trails Act litigation to the government and to property owners and has also expressed concern about the length of Trails Act taking cases.

Nels Ackerson[4] testified during a hearing before the House Judiciary Committee, Subcommittee on Commercial and Administrative Law titled, "Litigation and its Effect

[2] Based on the Defendant's Proposed Scheduling Order filed with this Court on November 8, 2008 (Docket No. 25, Exhibit 1), the Defendant will have until May 30, 2008 to challenge the eligibility of any potential class member, and sometime thereafter, the parties would meet with the Court to set a date for the commencement of briefing on liability issues. Thereafter, the parties would presumably be permitted the time in which to file responses, replies, sur-replies, etc. Plaintiffs estimate this process to last, at a minimum, for a period of at least 90 days (making the final date of briefing around August 30, 2008).

[3] The manner in which this threshold liability is common to any and all property owners that subsequently opt-in is apparent for the limited issues will be presented in the Plaintiffs' Motion for Partial Summary judgment.

[4] Nels Ackerson is the Chairman of The Ackerson Group, Chartered.

on the Rails-to-Trails Program."[5] Mr. Ackerson testified that resolution of Trails Act cases was delayed and the costs and expenses to both the government and to property owners were greatly increased because the government adopted a strategy of "aggressively litigating every issue with every land owner, sometimes over and over again, and sometimes the same issue several times in the same litigation. Since the Government ultimately must pay the land owners' attorneys' fees, as well as the Justice Department's own fees and costs, everybody loses by this prolonged litigation."[6]

Assistant Attorney General Thomas J. Sansonetti testified that the Justice Department sought to explore way to "streamline the procedures" and move "quickly through the determination stage of who actually owns the reversionary interest,"[7] Plaintiff's take Mr. Sansonetti at his word. That is why the Plaintiffs propose a procedure in this case – including class notification, certification and initial summary judgment on the governments threshold liability – that has been agreed to by the Defendant and ordered by this Court in similar Trails Act taking cases. The Plaintiffs propose using the same orders, pleadings, class entry forms and notice that was agreed to by the Defendant and ordered by this Court in other cases.

In light of this, the Plaintiffs are truly perplexed why the government is continually making this process more contentious and filing motions with no apparent objective other than delaying and further complicating the proceedings.

---

[5] *Litigation and its Effect on the Rails-to-Trails Program*, Hearing before the Subcommittee on Commercial and Administrative Law of the Committee on the Judiciary House of Representatives, One Hundred Seventh Congress, Second Session, June 20, 2002, Serial No. 90, available online at: http://commdocs.house.gov/committees/judiciary/hju80320.000/hju80320_0f.htm.

[6] *See id.*

[7] *See id.*

As noted above, Plaintiffs' intended filing of its Motion for Partial Summary Judgment, as well as their proposed class scheduling order, class notification, and entry of appearance for class members (attached as Exhibits 1-3), are directly taken from similar pleadings in other Trails Act taking cases to which the Defendant has agreed and the Court has ordered. As such, Plaintiffs see no reason to spend an undue amount of effort in getting to points that they've previously agreed to with Defendant and Plaintiffs see no reason to further delay these issues.

Accordingly, the Plaintiffs ask this Court to deny Defendant's Motion to Approve Proposed Schedule and Proposed Scheduling Order and to grant Plaintiffs' Proposed Scheduling Order, Class Notification, and Entry of Appearance.

| | |
|---|---|
| Date: Nov 12, 2007 | LATHROP & GAGE L.C.<br><br>By [signature]<br>MARK F. (THOR) HEARNE, II<br>LINDSAY S.C. BRINTON<br>10 South Broadway, Suite 1300<br>St. Louis, MO 63102-1708<br>(314) 613-2500<br>(314) 613-2550 (fax)<br>Thornet@ix.netcom.com<br><br>ATTORNEYS FOR PLAINTIFFS |