# In the United States Court of Federal Claims

* * * * * *

JACK LADD and *
MARIE LADD, et al.,
*
Plaintiffs, * No. 07-271L
*
v. * Filed: November 13, 2007
*
UNITED STATES OF AMERICA,
*
Defendant.
*

* * * * * *

**ORDER**

Defendant stated in its motion to approve a proposed schedule that briefing liability-related issues now would be "inefficient [and] inconsistent with past practice . . . . " The Government raises the specter of "due process concerns with respect to unnamed class members." We do not agree that deciding whether liability applies to the issues would be inefficient, unless the defendant acknowledges that some level of liability applies. If the legal issues have been resolved by previous cases in this court, the composition of the class becomes paramount. If liability issues remain, however, we see no efficiency in waiting for the class to resolve itself before deciding at least potential liability.

When the parties are ready to argue liability, we are available to decide outstanding legal issues that may apply to various class members. This is a procedure that would facilitate settlement, it seems to us, particularly compared to that suggested by the Government. Upon receipt of plaintiffs' motion for summary judgment, defendant will have sixty days in which to respond, as we agreed earlier.

Defendant also asks that we dismiss Count III of plaintiffs' Complaint. Plaintiffs seek a declaratory judgment that their property is free from Surface Transportation Board jurisdiction and from easements for a trail or trail road. The Supreme Court stated, "[i]n the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments." *United States v. King*, 395 U.S. 1, 5 (1969). Plaintiffs cite 28 U.S.C. §1491(a)(2) and § 1491(b)(2) to support their argument. These provisions apply to other circumstances, however.

Defendant's motion to approve a proposed schedule is DENIED. Defendant's motion to dismiss Count III of plaintiffs' Complaint is GRANTED.

SO ORDERED.

s/Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge