IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JACK LADD and MARIE LADD, et al., Plaintiffs, v. THE UNITED STATES OF AMERICA, Defendant. | No. 07-271 L<br>Honorable Robert H. Hodges, Jr. |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' FILING MEMORANDUM OF THIS COURT'S ORDERS IN *ROGERS V. UNITED STATES* (07-273)**

On November 21, 2007, Plaintiffs filed a "memorandum" accompanied by a class certification order and a scheduling order that were issued in *Rogers v. United States*, Case No. 07-273. Docket No. 28. Defendant hereby moves to strike this unilateral and unorthodox filing. Plaintiffs' filing is not contemplated by the Rules of the United States Court of Federal Claims. Neither is the filing in accordance with either an existing or proposed scheduling order.[1/]

Plaintiffs' filing is also not helpful to the Court. Plaintiffs' position appears to be that

[1/] Plaintiffs' motion to certify this lawsuit as a class action, Docket No. 19, is fully briefed and awaiting decision by this Court. Defendant did not oppose the granting of that motion. On November 8, 2007, Defendant filed a motion requesting that the Court approve a proposed scheduling order. That schedule set forth dates for the parties to propose a class certification order and then, assuming the Court granted Plaintiffs' motion to certify a class action, dates for notifying potential class members, entering the appearance of class members, and other actions related to closing the class. Docket No. 25, Exhibit 1. On November 13, 2007, the Court issued an Order denying Defendant's motion to approve its proposed schedule. Docket No. 27. Currently, there is no schedule in place in this lawsuit for completion of the various steps necessary for the closing of the class.

this Court should adopt orders similar to those that were filed in *Rogers*. However, the instant case and the *Rogers* case are very different lawsuits on their facts and should not mechanically be treated like identical cases. For example, although the instant case has been described, like *Rogers*, as a "Rails-to-Trails" case, there is no "trail" in this case. In contrast to the *Rogers* case, the railroad corridor here has not been converted to a recreational trail. In fact, the negotiating period provided in the Notice of Interim Trail Use has passed without an agreement and the United States believes that no discussions for conversion are currently ongoing.

For the foregoing reasons, the Court should strike "Plaintiffs' Filing Memorandum of This Court's Orders in *Rogers v. United States* (07-273)." In the alternative, should the Court decide to accept Plaintiffs' filing or otherwise find it helpful, Defendant respectfully requests leave of the Court for an opportunity to file its own proposed class certification order and otherwise respond to Plaintiffs' filings.

November 28, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ Rachel A. Dougan
RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024