**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al. | ) | |
| | ) | |
| For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07-271L |
| | ) | |
| vs. | ) | Honorable Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' FILING MEMORANDUM OF THIS COURT'S ORDERS IN *ROGERS V. UNITED STATES* (07-273)**

On November 21, 2007, Plaintiffs filed with this Court a copy of the recent orders entered by Judge Williams in *Rogers v. United States*, (07-273) (Docket No. 28). The Plaintiffs filed the *Rogers* orders in this case to make this Court aware of how the parties have agreed and how the Court has ordered the parties to proceed during the class certification and scheduling phases of similar Trails Act litigation. On November 28, 2007, Defendant filed a Motion to Strike Plaintiffs' Filing Memorandum of this Court's Orders in *Rogers* (Docket No. 29).

Plaintiffs are frankly puzzled why the Defendant would not want this Court to be aware of orders entered by the Court in other Rails-to-Trails litigation. Plaintiffs hope it is not necessary to re-invent the wheel. Using a procedure ordered by this Court in other Trails Act litigation is an obvious way to streamline the management of this case, as well as ensuring the most efficient use of the Court's and the parties' time and resources, and to

ensure that the Plaintiffs receive the "just compensation" they are due under the Fifth Amendment as quickly as possible.

In its Motion to Strike, Defendant states, "[i]n contrast to the *Rogers* case, the railroad corridor here has not been converted to a recreational trail. In fact, the negotiating period provided in the Notice of Interim Trail Use has passed without an agreement and the United States believes that no discussions for conversion are currently ongoing." See Docket. No. 29. This is a distinction without being a difference. On the relevant points addressed in Judge Williams' orders (how to proceed with the most efficient class notification and certification and intitial briefing of the government's threshold liability), *Rogers* and this case are similar.

Further, as to the government's point about the negotiation period for reaching a Trail Use Agreement, we are unclear as to what point the government is trying to make. In *Caldwell v. United States*, 391 F.3d 1226, 1236 (Fed. Cir. 2004), the Federal Circuit specifically held, "that the Fifth Amendment taking, if any, under the Trails Act is accomplished when an NITU is issued and state law reversionary interests that would otherwise take effect pursuant to normal abandonment proceedings are forestalled." The Federal Circuit later reaffirmed this decision in *Barclay v. United States*, 443 F.3d 1368, 1373 (2006) by stating, "a Trails Act taking begins and a takings claim accrues, if at all, on issuance of the NITU."[1]

---

[1] Whether one agrees or disagrees with Judge Dyk's majority opinion in *Caldwell*, and there are certainly reasons why one may wish to differ with Judge Dyk's majority decision, it is currently the law of the Federal Circuit.

Thus, under *Caldwell*, a taking occurs under the Trails Act when the STB's issues of a NITU, which occurred here on July 25, 2006. *See Caldwell*, 391 F.3d at 1236; see also *Barclay*, 443 F.3d at 1373. Plaintiffs further note that the "negotiating period" after the issuance of a NITU has not "passed without agreement," but rather has been extended until June 26, 2008. *See* STB Docket No. AB-1081X, June 8, 2007 Decision.

WHEREFORE, Plaintiffs respectfully request this Court to not strike Plaintiffs' Filing Memorandum of this Court's Orders in *Rogers v. United States* (07-273), Docket No. 28. Plaintiffs also request this Court to consider the class notification, certification, and scheduling orders previously agreed to by the parties and entered by this Court in *Rogers*, as well as in *Illig* and *Miller*, when determining the class certification, notification, and scheduling of the briefing in this case.

Respectfully submitted,

| | |
|---|---|
| Date: 11/28/07 | LATHROP & GAGE L.C.<br><br>By /s/ Mark F. (Thor) Hearne, II<br>MARK F. (THOR) HEARNE, II<br>LINDSAY S.C. BRINTON<br>10 South Broadway, Suite 1300<br>St. Louis, MO 63102-1708<br>(314) 613-2500<br>(314) 613-2550 (fax)<br>Thornet@ix.netcom.com<br><br>ATTORNEYS FOR PLAINTIFFS |