**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JACK LADD and MARIE LADD, et al., Plaintiffs, v. THE UNITED STATES OF AMERICA, Defendant. | No. 07-271 L<br>Honorable Robert H. Hodges, Jr. |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' FILING MEMORANDUM OF THIS COURT'S ORDERS IN *ROGERS V. UNITED STATES* (07-273)**

Defendant files this reply in order to respond to the inaccuracies presented in Plaintiffs' response to Defendant's motion to strike. On November 21, 2007, Plaintiffs filed a "memorandum" accompanied by a class certification order and a scheduling order that were issued in *Rogers v. United States*, Case No. 07-273. Docket No. 28. Defendant filed a motion to strike this filing. Docket No. 29. In their response, Docket No. 30, Plaintiffs inaccurately speculate that Defendant filed a motion to strike because Defendant does "not want this Court to be aware of orders entered by the Court" in *Rogers*. Pls.' Resp. at 1. Plaintiffs' speculation is without merit. Defendant has not taken a position on whether the specific procedures ordered by the *Rogers* Court would be appropriate in this case. Rather, Defendant has objected to Plaintiffs' filing based on its unorthodox and unilateral nature. As explained in Defendant's motion to strike, Plaintiffs' filing is not contemplated by the Rules of the United States Court of Federal Claims nor is it in accordance with any existing or proposed scheduling order. Plaintiffs'

suggestion that Defendant has objected to the content of the *Rogers*' orders is thus inaccurate.[1] In fact, should the Court decide to accept Plaintiffs' filing or otherwise find it helpful, Defendant has requested leave of the Court to file a response to the content of Plaintiffs' proposals and file its own proposed class certification order. For convenience, Defendant is attaching as Exhibit 1 its proposed class certification order, which is similar to the *Rogers* order submitted by Plaintiffs.

Although Plaintiffs suggest that they are interested in adopting procedures that ensure "the most efficient use of the Court's and the parties' time and resources," Pls.' Resp. at 1, their approach to this litigation has been counterproductive to such efficiency. Plaintiffs have unilaterally submitted various proposals to this Court, see Docket No. 26 Exhibits 1-3; Docket No. 28 Exhibits 1-2, without making any attempt to work with Defendant so that the parties might file joint proposals. Defendant believes that if Plaintiffs had conferred with Defendant on their proposals for a class certification order, form of notice, and entry of appearance, the parties would have found that they are largely in agreement and likely would have been able to submit joint proposals when so ordered by this Court, thereby saving the Court's and the parties' time and resources.

Finally, Plaintiffs inaccurately state that in the instant case, the "negotiating period" to reach a trail use agreement has been extended until June 26, 2008. Pls.' Resp. at 3. In fact, the Surface Transportation Board ("STB") decision cited by Plaintiffs states that the Notice of Interim Trail Use ("NITU") authorized the railroad "to negotiate an interim trail use/rail banking

---

[1] Plaintiffs state that they are "unclear as to what point the government is trying to make" in drawing a distinction between the facts of *Rogers* and the facts of the instant case. The "point" is merely that this Court should not, as Plaintiffs appear to be urging, mechanically treat the instant case and *Rogers* as identical cases.

agreement . . . until January 22, 2007," and that, for a portion of the railroad line, the STB extended the NITU negotiating period until February 21, 2007. See Exhibit 2 at 1-2. Both of these dates have passed without any trail use/rail banking agreement being reached. In fact, on January 29, 2007, the railroad notified the STB that it had "consummated abandonment" of portions of the railroad line. Id. at 2. The railroad has until July 26, 2008, to consummate abandonment of the remaining portion of the line. Id. Therefore, while the railroad has until July 26, 2008, to abandon the remaining portion of the railroad, the "negotiating period" for a trail use agreement has passed.

For the foregoing reasons and the reasons stated in Defendant's motion to strike, the Court should strike "Plaintiffs' Filing Memorandum of This Court's Orders in *Rogers v. United States* (07-273)." In the alternative, Defendant respectfully requests leave of the Court for an opportunity to file its own proposed class certification order (Exhibit 1) and otherwise respond to the content of Plaintiffs' proposals.

November 29, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ Rachel A. Dougan
RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024