# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al.<br><br>For Themselves and As Representatives of a Class of Similarly Situated Persons,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 07-271L<br><br>Honorable Robert H. Hodges, Jr. |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW, Plaintiffs, by and through their undersigned counsel, and pursuant to RCFC 56, *Celotex Corporation v. Cattrett*, 477 U.S. 317 (1986), and *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986), file with this Court their Motion for Partial Summary Judgment in favor of Plaintiffs and adverse to and against the U.S. Government on the issue of liability for taking the Plaintiffs' property by operation of the Trails Act (16 U.S.C. § 1241) without paying "just compensation" as required by the Fifth Amendment to the United States Constitution.

As demonstrated in the Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment, incorporated herein and filed simultaneously herewith, there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law. Pursuant to RCFC 56(d)(1), Plaintiffs also incorporate herein and simultaneously file their Proposed Findings of Uncontroverted Facts. For their Motion for Partial Summary Judgment, Plaintiffs state as follows:

1. The railroad right-of-way that crossed the Plaintiffs' land was an easement acquired in 1903 by the El Paso and Southwestern Railroad and this easement only allowed the railroad, as holder of the easement, to use the Plaintiffs' land for the operation of a railroad.

2. The Plaintiffs are the successors in title to the original property owners that granted the rights-of-way to the El Paso and Southwestern Railroad. Each Plaintiff held fee title to their property abutting and underlying the former El Paso and Southwestern Railroad right-of-way on July 25, 2006, the date the STB issued a NITU.

3. The successor to the El Paso and Southwestern Railroad, the San Pedro Railroad Operating Company, LLC ("SPROC"), abandoned the railroad easement in 2005.

4. On July 25, 2006, the Surface Transportation Board ("STB") issued a Notice of Interim Trail Use or Abandonment ("NITU") which *inter alia* precluded the Plaintiffs' reversionary rights to their property.

5. The federal Trails Act operates to preclude or preempt the abandonment and reversion of a railroad right-of-way that would have otherwise occurred by operation of state law.

6. The settled law after *Preseault v. United States* is that state law determines the nature of a property interest subject to the Trails Act and when the owner's enjoyment of that interest is delayed or burdened, "just compensation" is due.

7. When the federal Trails Act operates to preclude or preempt the abandonment and reversion of a railroad right-of-way, it is a taking of the land owner's property for which the federal government must pay "just compensation."

8. The property owner's interest in their land is taken under the Trails Act at the time the STB issues a NITU.

9. Under Arizona law, the El Paso and Southwestern Railroad acquired only an easement for its railroad right-of-way.

10. An easement for a railroad is granted for the limited purpose of operating a railroad and when the use of the property for this purpose is abandoned, the easement is extinguished.

11. The SPROC abandoned the seventy-six mile railroad easement in 2005.

12. When the Trails Act precludes a property owner's "reversionary" right to property, it is a taking of property for which the Fifth Amendment requires payment of "just compensation" to the property owner.

13. When the Trails Act imposes new burdens and servitudes upon a land owner's property, such as an easement for the possible creation of a public-access recreational trail, as well as a future easement for railroad use, it is a substantial *per se* physical taking of that property owner's property.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court grant partial summary judgment in their favor and adverse to and against the U.S. Government, finding that: (1) the federal government has taken the Plaintiffs' property by operation of the Trails Act (16 U.S.C. § 1241) on July 25, 2006 when the STB issued a NITU that precluded the Plaintiffs' "reversionary" rights to their property; (2) that by reason of the Fifth Amendment to the United States Constitution, Plaintiffs are entitled to "just compensation," for this taking of their property; (3) that "just compensation" includes interest on the delay damages from the July 25, 2006 date of taking; and (4) that pursuant

to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§4651-4655, the Plaintiffs are entitled to their costs, attorneys' fees, and expenses of this action, and for such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Date: 12/4/07 | LATHROP & GAGE L.C.<br><br>By /s/ Mark F. (Thor) Hearne, II<br>MARK F. (THOR) HEARNE, II<br>LINDSAY S.C. BRINTON<br>10 South Broadway, Suite 1300<br>St. Louis, MO 63102-1708<br>(314) 613-2500<br>(314) 613-2550 (fax)<br>Thornet@ix.netcom.com<br><br>ATTORNEYS FOR PLAINTIFFS |