K N O W A L L M E N B Y T H E S E P R E S E N T S

That BOQUILLAS LAND AND CATTLE COMPANY, a corporation, hereinafter known as the party of the first part, for and in consideration of the sum of Five Thousand Dollars ($5000.00) to it cash in hand paid, the receipt of which is hereby acknowledged, by EL PASO & SOUTHWESTERN RAILROAD COMPANY, a corporation organized and existing under and by virtue of the laws of the Territory of Arizona, hereinafter known as the party of the second part, does grant, bargain, sell and convey, and by these presents has granted, bargained, sold and conveyed unto said party of the second part, its successors and assigns, the following described lands and premises, and permission for the erection of defensive works, over, through, across and upon lands owned and claimed by said party of the first part, situated in the County of Cochise, Territory of Arizona, and described as follows:

A STRIP OF LAND 100 feet in width being 50 feet on each side of the center line of the EL PASO & SOUTHWESTERN RAILROAD, as now constructed, operated and maintained over, through, across and upon the tract of land known as the "SAN JUAN de las BOQUILLAS y NOGALES," private land claim.

Said center line beginning at a point on the northern end boundary line of said San Juan de las Boquillas y Nogales claim, distant 2074.3 feet from the NW corner of same and designated as Eng.Sta.572+97 in center from line of survey for said El Paso and Southwestern Railroad, formerly Benson Extension of the Arizona & Southwestern Railroad; thence S 16°41'E to Eng.Sta.585+68.2; thence with curve to left of 4° and included angle 20° 41' E. to Eng.Sta.590+86; thence S. 37° 24' E. to Eng.Sta.596+00; thence with curve to right of 2°, and included angle 8°, to Eng.Sta.600+00; thence S. 29° 24' E. to Eng.Sta. 611+92; thence with curve to right of 6°, included angle 25° 45' to Eng.Sta.616+21.2; thence S 3° 39' E to Eng.Sta.622+70; thence with curve to right of 3° included angle 20° 24' to Eng.Sta. 629+50; thence S 16° 45' W. to Eng.Sta. 648+18.9; thence with curve to right of 3°, included angle 10° 50' to Eng.Sta. 651+80; thence S. 27° 35' W. to Eng.Sta. 685+70; thence with curve to left of 6°, included angle 28° 48' to Eng.Sta. 690+50; thence S 1° 13' E. to Eng. Sta. 721+54.5; thence with curve to left of 6°, included angle 31° 56' to Eng.Sta.726+86.7; thence S. 33° 09' E. to Eng.Sta. 804+70.9; thence with curve to left of 4°, included angle 15° 04' to Eng. Sta. 808+47.6; thence S 48° 13' E. to Eng.Sta. 819+25; thence with curve to right of 2° included angle 9° 00' to Eng.Sta 823+75; thence S.39° 13' E. to Eng.Sta. 827+42.3; thence with curve to right of 4°, included angle 32° 41' to Eng.Sta. 839+59.3; thence S 6° 32' E to Eng.Sta. 870+00 equivalent to 870+25.4; thence with curve to left of 8° included angle 38° 21' to Eng.Sta. 875+04.8; thence S 44° 53' E. to Eng.Sta.882+87.7; thence with curve to right of 8°, included angle 24° 46' to Eng.Sta.885+97.3; thence S. 20° 07' E. to Eng. Sta.889+07.8; thence with curve to left of 6° included angle 25° 24' to

EXHIBIT

I

51' to Eng.Sta. 995+62.1; thence S 18° 18' E. to Eng.Sta.1017+02.3; thence with curve [illegible]
of 5°, included angle 30° 00' to Eng.Sta.1023+02.3; thence S 11° 42' W. to Eng.Sta. [illegible]
thence with curve to left of 7° 30' included angle 37° 45' to Eng.Sta. 1036+35.1 of [illegible]
extension of the Arizona & Southeastern Railroad equivalent to Eng.Sta. 30+38.3 of [illegible]
& Southeastern Railroad now the Elpaso & Southwestern Railroad; thence S [illegible]
46+70.9; thence with curve to right of 1° included angle 30° 13' to Eng.Sta. [illegible];
S 4° 10' W to Eng.Sta. 107+69; thence with curve to right of 6°, included angle 27° [illegible]
Eng.Sta. 112+31.2; thence S 31° 54' W. to Eng.Sta. 124+99; thence with curve to right [illegible]
included angle 11° 06' to Eng.Sta. 126+84; thence S.43° 00' W to Eng.Sta. [illegible];
with curve to left of 8° included angle 47° 00' to Eng.Sta. 139+20.3; thence [illegible]
Eng.Sta. 146+80; thence with curve to left of 6°, included angle [illegible] to Eng.Sta. [illegible]
thence S 26° 40' E to Eng.Sta. 155+13.3; thence with curve to right of [illegible]
12° 08' to Eng.Sta. 158+16.6; thence S. 14° 32' E to Eng.Sta. [illegible]; thence with [illegible]
left of 8° included angle 30° 50' to Eng.Sta. 166+81.1; thence S [illegible] E. to Eng.Sta. [illegible]
61.2 thence with curve to right of 4°, included angle 17° 57' to Eng.Sta. [illegible];
S 27° 25' E to Eng.Sta. 193+22.5 equivalent to Eng.Sta. 183+12.3 (old series) and [illegible]
the same course to Eng.Sta.194+76; thence with curve to right of 6° included angle [illegible]
Eng.Sta.199+16; thence S 1° 01' E. to Eng.Sta. 273+43.3 point spiral curve; thence 6 chains
of 55 feet each, deflecting angle to right 9° 54' to Eng.Sta.276+73.3; thence with curve of
6° included angle 16° 55' to Eng.Sta. 281+55.2; thence 6 chains of 55 feet each, deflecting
angle 9° 54' to point of tangent at Eng.Sta.284+85.2; thence S [illegible] W at Eng.Sta. [illegible]
equivalent to Eng.Sta. 286+56.7 (old series) and continuing same course to Eng.Sta.289+[illegible];
thence with curve to left of 6°, included angle [illegible]

as [illegible] before described and the New Mexico & Arizona Railroad, a strip of land 50 feet in [illegible], being 25 feet on each side of the center line of survey, said center line described as follows:-

Beginning at Eng.Sta.0+00 of the Arizona & Southeastern Railroad equivalent to Eng. Sta. [illegible] 0+00 of the New Mexico + Arizona Railroad, thence S 15° 2[illegible]' E to Eng.Sta. 6+37; thence with curve to left of 2°, included angle 10°42' to Eng.Sta.11+66.7; thence S 26°05' E to [illegible].Sta. 30+36.9 equivalent to Eng.Sta.1036+35.1 as hereinbefore noted in description of main line.

ALSO for station grounds at Contention, a tract of land described as follows:- Beginning at a point distant 50 feet easterly at right angles from Eng.Sta. 825+90.4 in the center line of main track, Benson Extension, as hereinbefore described; thence running north 70° 08'E 220 feet; thence S 19° 52' E, 470 feet; thence S 70° 08' W 98 feet to a point distant 50 feet easterly from Eng.Sta. 830+63.3 in the center line of main track Benson Extension; thence northwesterly parallel with and 50 feet distant at all points from the center line of main track 477.5 feet to the place of beginning.

Also, a strip of land for the purpose of excavating and maintaining a diagonal ditch for diversion of flood waters, the center line of said strip of land and the dimensions of same being described as follows, viz:

Beginning at Eng.Sta. 670+57 in the center line of track, Benson Extension of said railroad, thence north 19 deg. 05'W.1780 feet to foot of Mesa, with a uniform width on the eastern side of said line of 40 feet, and a uniform width on the western side of said line of 60 feet, or total 100 feet in width.

Also, beginning at the same Eng.Sta. 670+57, in main line; thence S.72 deg.25' E. 133 feet; thence N.64 deg. 35' E. 517 feet to end of ditch with a uniform width upon each side of said line of 50 feet, or total 100 feet in width, together with the right and privilege at all times of ingress and egress to said strip of land for the purpose of construction, maintenance and repairs required upon said diversion ditch and its appurtenances.

Also, at, near and in the vicinity of the arroya known as California Gulch or wash and the crossing of same by the railroad of said party of the second part, permission is given to said party of the second part at all times hereafter to enter into and upon lands owned by said party of the first part herein and thereon to erect, construct, maintain and repair such dams, retaining and diversion walls, changes of channel, embankments or excavations, together with any class of work or structure that may be necessary or requisite to secure the safety and permanence of the roadbed, bridges and right of way of said party of the second part. The right of ingress and egress upon the lands of said party of the first part, and the erection of defensive works thereon, to be exercised by said party of the second part with due care and discretion that the escape or injury of live stock be prevented, and that suitable crossings for cattle and wagons be provided if necessary to the interests of said party of the first part.

By Harry L.Tevis

President

(Corporate Seal)

F.G.Drum

Secretary

State of California 0
0 ss.
City and County of San Francisco. 0

Before me Frank L.Owen a Notary Public in and for the City and County of San Francisco State of California on this day personally appeared Harry L.Tevis President of Boquillas Land & Cattle Company, and F.G.Drum Secretary of said Company, known to me to be the persons whose names are subscribed to the foregoing instrument, and as such officers acknowledged to me that, by authority and direction of the Board of Directors thereof they and each of them executed the foregoing instrument as the free act and deed of such corporation, by each of them voluntarily executed, and for the purpose and consideration therein expressed; and that the corporate seal of said Company was affixed thereto by like authority.

Given under my hand and seal of office this 18th day of

(Seal)

Frank L.Owen

My Commission expires November 23rd 1909

Filed and recorded at request of E.E.Ellinwood

THIS INDENTURE, Made this 17th day
of the County of Kern, State of Cali
same place, the parties of the first
organized and existing under
party of the second part.

WITNESSETH:- That for and in
in hand paid by the said party of
ledged, the parties of the first
and confirm, unto the said party
right, title, interest and claim
estate, lands, tenements or
date shown by the public records of
to be vested in the parties of the

Together with all and singular
unto belonging, or in anywise
remainders, rents, issues and profits

(SEAL) J. W. Ross

(My Commission expires Febry. 20, 1912.) Notary Public.

Filed and recorded at request of Geo. C. Wildman Nov 15 1911 at 1 PM.

By H. L. Hutchison, C. A. McDonald,

Deputy. County Recorder.

-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-

THIS INDENTURE, Made the 20th day of September, A. D., 1911, between BOQUILLAS LAND AND CATTLE COMPANY, a corporation organized and existing under the laws of the State of California, and lawfully engaged in the transacting of its corporate business in the Territory of Arizona, the party of the first part, and EL PASO AND SOUTHWESTERN RAILROAD COMPANY, a corporation organized and existing under the laws of the Territory of Arizona, the party of the second part,

WITNESSETH: That the said party of the first part for and in consideration of the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00), lawful money of the United States of America to it in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, has remised, released, quit-claimed and confirmed, and by these presents does remise, release, quitclaim and confirm unto the said party of the second part, its successors and assigns, in fee simple, all those certain lots, pieces or parcels of land situate, lying and being in the County of Cochise, Territory of Arizona, and described as follows, viz:

Beginning at the intersection of the center line of the relocation of the El Paso & Southwestern Railroad, as said center line is now relocated and staked, down the San Pedro River between Lewis Springs and Fairbank with the [illegible] of the San Juan de las Boquillas y Nogales grant, [illegible] point of intersection being station [illegible] plus [illegible] [illegible] feet south, 79° 48' west from corner No. 6, the [illegible] de las Boquillas y Nogales grant.

Thence northerly along the east bank of [illegible] following said center line of said relocation to [illegible], the right of way shall have a uniform width of [illegible] side, and uniform width of 200 feet on the [illegible] center line.

Thence, from said station [illegible] to station [illegible] plus 96.9, a distance of [illegible] aforesaid grant bears N 26° 53' E, the right of way shall [illegible] (50) feet on each side of said center line.

Also the following described [illegible] in said County and Territory, and being a part of said San Juan de las Boquillas y Nogales grant, for right of way, yards, construction and operating purposes, including telegraph and tel

the old wye [illegible]
upon the south[illegible]
Railroad Compa[illegible]
being a strip [illegible]
feet in width [illegible]
land more or l[illegible]
Southwestern R[illegible]
said limits.
Thence wi[illegible]
line of fence bou[illegible]
& Arizona Rail[illegible]
right of way [illegible]
construction p[illegible]
extension on t[illegible]
feet in width [illegible]
measured at ri[illegible]
4170 feet in [illegible]

EXHIBIT
tabbies
J

the old wye pertaining to the New Mexico & Arizona Railroad Company; said point being upon the southerly boundary line of land owned or claimed by said New Mexico & Arizona Railroad Company. The right of way and yard limits embraced for said 3500 feet of extension being a strip of land 200 feet in width upon the eastern side and a strip of land 100 feet in width upon the western side of said center lain and including 17.24 acres of land more or less, after deducting of the area of land heretofore conveyed to the El Paso and Southwestern Railroad Company by the Boquillas Land and Cattle Company embraced within said limits.

Thence with said center line continued N 27° 27' W 820 feet more or less to the line of fence bounding on its western line the land claimed or owned by the said New Mexico & Arizona Railroad Company or the Boquillas Land and Cattle Company with an extension for right of way of 50 feet upon each side of said line. Thence for right of way and construction purposes continuing said center line Course N 27° 27' W 4170 feet, with an extension on the western side of 50 feet in width, and extension on the eastern side of 100 feet in width at the southern end and 200 feet in width at the northern end and all measured at right angles from said center line, - the area of land embraced in said 4170 feet in length being 15.25 acres in alfalfa and 4.04 acres in wash valley land.

Thence continuing said center line N [illegible] 27' W 660 feet more or less to Eng. Sta. 92 + 66, crossing the San Pedro River, with extension upon each side for right of way and construction purposes of 100 feet in width. Thence with curve to right of 1°. 00' included angle 17° 07', 1711.2 feet to Eng. Sta. 109 + 16.2; with extension upon each side of said curve for right of way and construction purposes of 50 feet in width; thence N 10° 20' W [illegible] with extensions upon each side for right of way construction [illegible] and continuing said center line course N 10° 20' W [illegible] to left of 5° 00' included angle 67° 41' to Eng. [illegible] each side for right of way and construction purposes [illegible] W 200 feet more or less with an extension upon [illegible] and construction purposes of 50 feet in width [illegible] W to Eng. Sta. 179 + 98 with extension upon each [illegible] purposes 75 feet in width; thence with curve to right [illegible] 1500 feet more or less, with an extension for right [illegible] of 75 feet upon each side of said center line, and [illegible] with extensions for right of way and [illegible] the eastern side and 200 feet in width in the [illegible] the northern end upon the western side of said [illegible] Eng. Sta. 245 + 39.8 with extensions for right of [illegible] feet in width upon the eastern side and extension beginning [illegible] feet at the southern end and diminishing to a width of 50 feet at [illegible] feet in distance, and thence to said Eng. Sta. 243 + 39.8 with a width of 50 feet [illegible] with curve to left of 1° 00' included angle 27° 27' to Eng. Sta. 265 +

fully shown upon the maps of Relocation and Extension filed in the District Land Office of the United States at Phoenix, Arizona.

Also an appurtenant right and easement to enter upon the following described land of said party of the first part, and excavate thereon and take therefrom earth and rock for the purpose of constructing the roadbed of the lines of railroad hereinbefore described and maintaining drainage ditches and embankments to and from the bridges and culverts in said roadbed, and for other railroad purposes, viz:

1. From station 252 plus 00 to station 370 plus 00, a distance of 11800 feet, an additional width of fifty (50) feet on the east, or right-hand, side.

2. From station 370 plus 00 to station 401 plus 00, a distance of 3100 feet, an additional width of 100 feet on the east, or right-hand, side. Also the right between stations 370 plus 00 and 401 plus 00 to excavate and take earth and rock at a distance of 600 feet east of the said centre line for the purpose of controlling surface and flood waters at such point.

3. From station 435 plus 00 to station 478 plus 00, a distance of 4300 feet, an additional width of fifty (50) feet, on the east, or right-hand, side.

4. From station 478 plus 00 to station 555 plus 97, a distance of 7797 feet, an additional width of one hundred (100) feet, on the east, or right-hand, side.

5. At station 380 plus 00 the right to [illegible] wide on the bottom and extending diagonally to the right 1500 feet and approximately at right angles to the left on a straight line to the San Pedro River.

6. At station 492 plus 00 the right to [illegible] feet wide on the bottom extending approximately at right angles to the right [illegible] approximately at right angles to the left to the San Pedro [illegible] feet.

7. At station 544 plus [illegible] approximately at right angles to [illegible] at right angles to the left to the San Pedro [illegible] all of said ditches to be constructed on [illegible] of way.

Provided that the said party [illegible] right under subdivisions 1, 2, 3 and 4 to [illegible] capable of being irrigated or cultivated. [illegible]

TO HAVE AND TO HOLD the [illegible] and singular the appurtenances and privileges [illegible] appertaining, unto the said party of the second part, [illegible]

IN WITNESS WHEREOF, said party [illegible] presents and caused its corporate seal to be [illegible] above written, by its President and Secretary [illegible] of its Board of Directors.

[illegible] LAND AND CATTLE COMPANY

Company, the corpo[illegible]
part, and as such [illegible]
same for said corp[illegible]
its free act and d[illegible]
Given under m[illegible]
(SEAL)
My commission expi[illegible]

I, FRED T. EL[illegible]
do hereby certify [illegible]
and regularly held [illegible]
Life Building, [illegible]
a resolution was d[illegible]
present, which sai[illegible]
"RESOLVED the[illegible]
corporation be and [illegible]
the name and under [illegible]
RAILROAD COMPANY, [illegible]
Territory of Arizo[illegible]
(Here follow[illegible]
attached is a full [illegible]
said resolution th[illegible]
are [illegible] SEAL.)
[illegible]
TERRITORY OF ARIZO[illegible]

Company, the corporation described in the foregoing instrument as party of the first part, and as such President and Secretary acknowledged to me that they executed the same for said corporation, for the purpose and consideration therein expressed, as its free act and deed, and by each of them voluntarily executed.

Given under my hand and seal of office this 20th day of September, 1911.

(SEAL) Frank L. Owen

My commission expires My commission expires Nov. 22, 1913. Notary Public.

I, FRED T. ELSEY, Secretary of BOQUILLAS LAND AND CATTLE COMPANY, a corporation, do hereby certify that at a meeting of the Board of Directors of said corporation duly and regularly held at its principal office and place of business, Room 704 West Coast Life Building, San Francisco, California, on Wednesday, the 20th day of September, 1911, a resolution was duly and regularly passed by the unanimous vote of all the directors present, which said resolution reads as follows, to-wit:

"RESOLVED that Harry L. Tevis, President, and Fred T. Elsey, Secretary of this corporation be and they are hereby authorized to execute, acknowledge and deliver in the name and under the seal of this corporation a deed to EL PASO AND SOUTHWESTERN RAILROAD COMPANY, a corporation, covering certain land situate in the County of Cochise, Territory of Arizona, which deed shall be in the words and figures following, to-wit:

(Here follows in said resolution a form of deed of which the instrument hereto attached is a full, true and correct copy, except that in the form of deed contained in said resolution the date of said deed, and the signatures of the officers of the grantor are left blank.)

And I further certify that said resolution has been regularly entered in the minutes of said corporation, and that the same has not since its passage been modified or rescinded, but is now in full force and effect.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of said corporation, this 20th day of September, 1911.

Fred T. Elsey

Secretary

BOQUILLAS LAND AND CATTLE COMPANY,

a corporation.

(Corporate Seal)

Filed and recorded at request of Jas. V. Bergen Nov 15 1911 at 2:20 PM.

By [illegible] C. A. McDonald,

Deputy. County Recorder.

*-*-*-*-*-*-*-*-*-*-*-*-*-*-*-*-*-*-*-*-*-*-*

W A R R A N T Y D E E D.

TERRITORY OF ARIZONA, )

County of Cochise ) SS.