INBOX Compose Folders Options Search Help Address Book Memos Calendar Logout Open Folder INBOX

Move Copy This message to

Delete | Reply | Reply to All | Forward | Redirect | Blacklist | Message Source | Resume | Save as | Print Back to INBOX

Date: Tue, 25 Jan 2005 16:38:07 -0600
From:
To:
Subject: Re: Your Nov. 15 communication

Dave:
For you to get an idea, our weakest gateway is Mexicali/Calexico, where we interchange close to 10,000 cars annually. This gateway had a very significant increase in 2004 with 34%. At one time, we were considering closing this gateway because of the low volume but after last year's increase we think we can further develop this border. The next border, Nogales, interchanged almost 46,000 cars in 2004.
I think that it is a good idea to liquidate the land that connects to our track in Naco. I anticipate that there will be problems to open the gateway there and would be easier to get government's approval farther out from the city.
I hope the above gives you a better idea. Let's keep in touch.
Regards,
Rogelio

dave@arizonarg.com wrote:

\> Rogelio, Thank you for the status report. Of course, we are disappointed that
\>FerroMex cannot move ahead with Naco at this point. I have two questions that
\>will help our future efforts:
\> 1. What approximate level of traffic would it take to interest FerroMex in
\>reopening the Naco Crossing?
\> 2. Given the current situation we will likely liquidate the property on the US
\>side of the border leading to your rails in the center of Naco. That still
\>leaves us the option to connect east of Naco, which is more politically
\>acceptable should we wish to pursue the crossing in the future. Are you ok with
\>that? Best Reards, Dave
\>
\>Quoting Rogelio Velez Lopez de la Cerda <rvelez@ferromex.com.mx>:
\>
\>
\>
\>>Dave:
\>>At this time, we are not considering the opening of a new gateway at
\>>Naco because the potential volume does not justify investment and
\>>operating expenses. As you may know, we have just reopened that gateway
\>>at Ojinaga/Presidio to begin interchanges with the Texas Pacific and
\>>until we determine success we will not consider another gateway.
\>>Apache has been in touch with us and we are trying to resolve their
\>>problems with UP. I have meetings with UP on Jan. 25 and this item is in
\>>the agenda.
\>>I understand that this decision is not what you are expecting but at
\>>this time this is our position. Let's keep in touch and with an open
\>>mind to opportunities.
\>>Best regards,
\>>Rogelio
\>>
\>>dave@arizonarg.com wrote:
\>>
\>>
\>>



EXHIBIT FF

LAD00019

GG

36351 SERVICE DATE – NOVEMBER 4, 2005

DO

FR-4915-01-P

DEPARTMENT OF TRANSPORTATION

Surface Transportation Board

[STB Docket No. AB-1081X][1]

San Pedro Railroad Operating Company, LLC—Abandonment Exemption—in Cochise County, AZ

On October 17, 2005, San Pedro Railroad Operating Company, LLC (SPROC), a wholly owned subsidiary of Arizona Rail Group, filed with the Surface Transportation Board a petition[2] under 49 U.S.C. 10502 for exemption from the provisions of 49 U.S.C. 10903 to abandon approximately 76.2 miles of railroad in Cochise County, AZ, as follows: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, a distance of 5.6 miles; and (2) the Douglas Branch (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, a distance of 9.2 miles, (b) between milepost 1055.8 near Charleston and milepost 1097.3 near Paul Spur, a distance of 41.5 miles, and (c) between milepost 1040.15 near Curtiss and

[1] This filing is a resubmission of a petition for exemption previously filed on June 6, 2005, wherein SPROC sought authorization to abandon the above lines. See San Pedro Railroad Operating Company, LLC—Abandonment Exemption—in Cochise County, AZ, STB Docket No. AB-441 (Sub-No. 4X). Notice of the filing was served and published in the Federal Register on June 24, 2005 (70 FR 36696-97). By decision served on September 15, 2005, the Board denied the petition without prejudice to SPROC's filing an application or a properly supported petition for exemption under a new docket number.

[2] SPROC concurrently filed a motion for a protective order. The motion was granted by decision served on October 26, 2005.

EXHIBIT
GG

milepost 1055.8 near Charleston, a distance of 19.9 miles. The lines traverse U.S. Postal Service Zip Codes 85602, 85603, 85607, and 85615 and include no stations.

The lines do not contain federally granted rights-of-way. Any documentation in SPROC's possession will be made available promptly to those requesting it.

The interest of railroad employees will be protected by the conditions set forth in Oregon Short Line R. Co.—Abandonment—Goshen, 360 I.C.C. 91 (1979).

By issuance of this notice, the Board is instituting an exemption proceeding pursuant to 49 U.S.C. 10502(b). A final decision will be issued by February 3, 2006.[3]

Any offer of financial assistance (OFA) under 49 CFR 1152.27(b)(2) will be due no later than 10 days after service of a decision granting the petition for exemption. Each offer must be accompanied by a $1,200 filing fee. See 49 CFR 1002.2(f)(25).

All interested persons should be aware that, following abandonment of rail service and salvage of the line, the line may be suitable for other public use, including interim trail use. Any request for a public use condition under 49 CFR 1152.28 or for trail use/rail banking under 49 CFR 1152.29 will be due no later than November 25, 2005. Each trail use request must be accompanied by a $200 filing fee. See 49 CFR 1002.2(f)(27).

All filings in response to this notice must refer to STB Docket No. AB-1081X, and must be sent to: (1) Surface Transportation Board, 1925 K Street, N.W., Washington, DC 20423-0001, and (2) John D. Heffner, 1920 N Street, N.W., Suite 800, Washington, DC 20036. Replies to SPROC's petition are due on or before November 25, 2005.

[3] SPROC has requested that this proceeding be handled expeditiously.

Persons seeking further information concerning abandonment procedures may contact the Board's Office of Public Services at (202) 565-1592 or refer to the full abandonment or discontinuance regulations at 49 CFR part 1152. Questions concerning environmental issues may be directed to the Board's Section of Environmental Analysis (SEA) at (202) 565-1539. [Assistance for the hearing impaired is available through the Federal Information Relay Service (FIRS) at 1-800-877-8339.]

An environmental assessment (EA) (or environmental impact statement (EIS), if necessary) prepared by SEA will be served upon all parties of record and upon any agencies or other persons who commented during its preparation. Other interested persons may contact SEA to obtain a copy of the EA (or EIS). EAs in these abandonment proceedings normally will be made available within 60 days of the filing of the petition. The deadline for submission of comments on the EA will generally be within 30 days of its service.

Board decisions and notices are available on our website at "WWW.STB.DOT.GOV."

Decided: October 28, 2005.

By the Board, Joseph H. Dettmar, Acting Director, Office of Proceedings.

Vernon A. Williams

Secretary

HH

37200
DO

SERVICE DATE – JULY 26, 2006

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-1081X

SAN PEDRO RAILROAD OPERATING COMPANY, LLC—ABANDONMENT EXEMPTION—IN COCHISE COUNTY, AZ

Decided: July 25, 2006

By decision served February 3, 2006, the Board, under 49 U.S.C. 10502, exempted from the prior approval requirements of 49 U.S.C. 10903 the abandonment by San Pedro Railroad Operating Company, LLC (SPROC) of approximately 76.2 miles of railroad line in Cochise County, AZ, as follows: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, a distance of 5.6 miles; and (2) the Douglas Branch (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, a distance of 9.2 miles, (b) between milepost 1055.8 near Charleston and milepost 1097.3 near Paul Spur, a distance of 41.5 miles, and (c) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, a distance of 19.9 miles. The exemption was scheduled to become effective on March 5, 2006, unless an offer of financial assistance (OFA) was filed on or before February 13, 2006.

On February 13, 2006, Sonora-Arizona International LLC (Sonora) timely filed an OFA under 49 U.S.C. 10904 and 49 CFR 1152.27(c) to purchase the line. By decision served on February 17, 2006, the Board, by the Director of the Office of Proceedings, found Sonora to be financially responsible and postponed the effective date of the exemption to permit the OFA process to proceed. Subsequently, on March 17, 2006, Sonora filed a request that the Board set the terms and conditions for the sale of this line. Thereafter, in a decision served on April 13, 2006, the Board set the purchase price for the line at $5,632,644, on the condition that SPROC agree to indemnify Sonora for title defects, and established terms for transfer of the line. In that decision, the Board also directed SPROC to notify Sonora and the Board by April 18, 2006, if it agrees to indemnify Sonora for title defects.

By letter filed on April 21, 2006, SPROC agreed to provide such indemnification and stated that it would include appropriate documentation with the draft purchase and sale agreement that SPROC would provide Sonora. On April 24, 2006, Sonora filed notice that it accepted the Board's terms and conditions, noting that it expected closing on this transaction to take place on or before July 12, 2006. The Board approved the sale and dismissed the petition for exemption, effective on the date the sale was consummated, in a decision served on May 3, 2006.

EXHIBIT
tabbies
HH

On July 12, 2006, Sonora filed a notice indicating its withdrawal of its OFA in this proceeding. On July 13, 2006, SPROC filed a letter requesting that the Board vacate the May 3 decision authorizing the sale and authorize SPROC to abandon this line without further delay. On July 20, 2006, SPROC filed a letter indicating its willingness to enter into trail use negotiations previously requested by the Trust for Public Land (the Trust) under section 8(d) of the National Trails System Act, 16 U.S.C. 1247(d) (Trails Act).

When an entity offering to purchase a line later notifies the Board that it is withdrawing its OFA, the Board will serve a decision vacating the decision which postponed the effective date of the decision granting the exemption. See 49 U.S.C. 10904 and 49 CFR 1152.27(g)(2). Accordingly, the OFA process will be terminated, and the May 3 decision will be vacated to permit the prior abandonment authorization for the line subject to the OFA to become effective on the service date of this decision.

As indicated in the February 3, 2006 decision, the Trust submitted a request for issuance of a notice of interim trail use (NITU) for the subject line under the Trails Act, in order to negotiate with SPROC for acquisition of the right-of-way for interim trail use. The Trust at that time also submitted a statement of willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to future reconstruction and reactivation for rail service as required under 49 CFR 1152.29. However, because SPROC had not indicated whether it was willing to enter into negotiations, the Board did not issue a NITU in its February 3 decision. Because SPROC has since notified the Board of its willingness to enter into trail use negotiations with the Trust, a 180-day period will now be authorized for the parties to negotiate an interim trail use/rail banking agreement. Moreover, the Trust had simultaneously submitted a request for a public use condition under 49 U.S.C. 10905 for 180 days, which the Board authorized in its February 3 decision. The Board noted that operation of the public use procedures could be delayed, or even foreclosed, by the financial assistance procedures under 49 U.S.C. 10904. Such procedures were subsequently delayed by Sonora's OFA. Because the OFA process will now be terminated, the public use condition and NITU periods will commence with the effective date of this decision.

This decision and notice will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. The request for permission to withdraw the OFA is granted and the financial assistance process in this proceeding is terminated.

3. The decision served on February 17, 2006, is vacated to the extent it postponed the effective date of the abandonment exemption to permit the OFA process to proceed.

4. The abandonment exemption will become effective on the service date of this decision and notice, subject to the conditions imposed in the February 3 decision, and subject to the NITU issued in this decision.

5. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

6. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations for the right-of-way.

7. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

8. If an agreement for interim trail use/rail banking is reached by January 22, 2007, interim trail use may be implemented. If no agreement is reached by that time, SPROC may fully abandon the line, provided the previously imposed conditions are met.

9. This decision and notice is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams
Secretary




## About TPL

The Trust for Public Land (TPL) is a national, nonprofit, land conservation organization that conserves land for people to enjoy as parks, community gardens, historic sites, rural lands, and other natural places, ensuring livable communities for generations to come.

Request a copy of TPL's Annual Report for 2006

### TPL's Conservation Initiatives

- **Parks for People:** Working in cities and suburbs across America to ensure that everyone—in particular, every child—enjoys close-to-home access to a park, playground, or natural area.
- **Working Lands:** Protecting the farms, ranches, and forests that support land-based livelihoods and rural ways of life.
- **Natural Lands:** Conserving wilderness, wildlife habitat, and places of natural beauty for our children's children to explore.
- **Heritage Lands:** Safeguarding places of historical and cultural importance that keep us in touch with the past and who we are as a people.
- **Land & Water:** Preserving land to ensure clean drinking water and to protect the natural beauty of our coasts and waterways.

### TPL's Conservation Services

- **Conservation Vision:** TPL helps agencies and communities define conservation priorities, identify lands to be protected, and plan networks of conserved land that meet public need.
- **Conservation Finance:** TPL helps agencies and communities identify and raise funds for conservation from federal, state, local, and philanthropic sources.
- **Conservation Transactions:** TPL helps structure, negotiate, and complete land transactions that create parks, playgrounds, and protected natural areas.
- **Research & Education:** TPL acquires and shares knowledge of conservation issues and techniques to improve the practice of conservation and promote its public benefits.

Since 1972, TPL has worked with willing landowners, community groups, and national, state, and local agencies to complete more than 3,500 land conservation projects in 47 states, protecting more than 2 million acres. Since 1994, TPL has helped states and communities craft and pass over 330 ballot measures, generating almost $25 billion in new conservation-related funding.

Updated 8/2007



© 2007 The Trust for Public Land. All Rights Reserved.
Privacy Policy

EXHIBIT
tabbies
II

JJ

37728
DO

SERVICE DATE – FEBRUARY 14, 2007

SURFACE TRANSPORTATION BOARD

DECISION

STB Docket No. AB-1081X

SAN PEDRO RAILROAD OPERATING COMPANY, LLC—ABANDONMENT EXEMPTION—IN COCHISE COUNTY, AZ

Decided: February 12, 2007

By decision served February 3, 2006, the Board, under 49 U.S.C. 10502, exempted from the prior approval requirements of 49 U.S.C. 10903 the abandonment by San Pedro Railroad Operating Company, LLC (SPROC) of approximately 76.2 miles of railroad line in Cochise County, AZ, as follows: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, a distance of 5.6 miles; and (2) the Douglas Branch (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, a distance of 9.2 miles, (b) between milepost 1055.8 near Charleston and milepost 1097.3 near Paul Spur, a distance of 41.5 miles, and (c) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, a distance of 19.9 miles. The exemption was scheduled to become effective on March 5, 2006, unless an offer of financial assistance (OFA) was filed on or before February 13, 2006.

On February 13, 2006, Sonora-Arizona International LLC (Sonora) timely filed an OFA under 49 U.S.C. 10904 and 49 CFR 1152.27(c) to purchase the line. By decision served on February 17, 2006, the Board, by the Director of the Office of Proceedings, found Sonora to be financially responsible and postponed the effective date of the exemption to permit the OFA process to proceed. Subsequently, on March 17, 2006, Sonora filed a request that the Board set the terms and conditions for the sale of this line. The Board did so in a decision served on April 13, 2006. On April 24, 2006, Sonora filed notice that it accepted the Board's terms and conditions. The Board approved the sale and dismissed the petition for exemption, effective on the date the sale was consummated, in a decision served on May 3, 2006.

On July 12, 2006, Sonora filed a notice indicating its withdrawal of its OFA in this proceeding. On July 13, 2006, SPROC filed a letter requesting that the Board vacate the May 3 decision authorizing the sale and authorize SPROC to abandon this line. On July 20, 2006, SPROC filed a letter indicating its willingness to enter into trail use negotiations previously requested by the Trust for Public Land (the Trust) under the National Trails System Act, 16 U.S.C. 1247(d) (Trails Act). By a decision served on July 26, 2006, the Board reopened the proceeding, granted Sonora permission to withdraw its OFA, terminated the financial assistance process, and vacated the February 17, 2006 decision to the extent it postponed the effective date of the

EXHIBIT
tabbies
JJ

abandonment exemption. In the same decision, the Board also imposed a public use condition and issued a notice of interim trail use (NITU) for the subject line under the Trails Act, authorizing the Trust to negotiate an interim trail use/rail banking agreement with SPROC until January 22, 2007.

On January 22, 2007, the Trust filed a request for a 30-day extension of the NITU negotiating period. The Trust states that it and SPROC are in the process of completing negotiations on an option for the Trust's purchase of the portions of the subject right-of-way owned by SPROC in the Douglas Branch as follows: (a) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, and (b) between milepost 1055.8 near Charleston and approximately milepost 1074.3 at the intersection of the rail line with State Highway 92 (subject right-of-way). The Trust states that additional time is needed for the parties to negotiate an option agreement for the property in the subject right-of-way.

According to the Trust, the subject right-of-way will not include portions of the railroad line designated under the original abandonment and NITU filing described as: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, and (2) portions of the Douglas Branch, specifically (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, and (b) between approximately milepost 1074.3 at the intersection with State Highway 92 and milepost 1097.3 near Paul Spur. According to the Trust, SPROC has indicated that it desires to remove these portions of the right-of-way from continued trail use negotiations.

In a letter filed January 25, 2007, SPROC acknowledged receipt of the Trust's extension request and consented to the extension for those portions of the property in the subject right-of-way identified by the Trust.

On January 29, 2007, SPROC filed a letter stating that it had consummated the abandonment of the line between: (1) milepost 1084.0 and milepost 1097.3 at Paul Spur, (2) milepost 1097.3 at Paul Spur and milepost 1106.5 near Douglas, and (3) milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee.[1]

Where, as here, the carrier has not consummated the abandonment at the end of the previously imposed negotiating period and has indicated its willingness to continue negotiations by requesting an extension, the Board retains jurisdiction and the NITU negotiating period may be extended. Under the circumstances, further extension of the negotiating period is warranted. See Birt v. STB, 90 F.3d 580, 588-90 (D.C. Cir. 1996); Grantwood Village v. Missouri Pac. R.R. Co., 95 F.3d 654, 659 (8th Cir. 1996). Accordingly, the NITU negotiating period will be extended to February 21, 2007.

---

[1] The status of the segment of the right-of-way between milepost 1074.3 at the intersection of the rail line with State Highway 92 and milepost 1084.0 was not mentioned by SPROC in its January 29 letter.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. Petitioner's request to extend the NITU negotiating period is granted.

2. The NITU negotiating period is extended until February 21, 2007, for the portion of the line: (a) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, and (b) between milepost 1055.8 near Charleston and approximately milepost 1074.3 at the intersection of the rail line with State Highway 92.

3. This decision is effective on the date of service.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams
Secretary

KK

38011
DO

SERVICE DATE – JUNE 8, 2007

SURFACE TRANSPORTATION BOARD

DECISION

STB Docket No. AB-1081X

SAN PEDRO RAILROAD OPERATING COMPANY, LLC—ABANDONMENT EXEMPTION—IN COCHISE COUNTY, AZ

Decided: June 6, 2007

By decision served February 3, 2006, the Board, under 49 U.S.C. 10502, exempted from the prior approval requirements of 49 U.S.C. 10903 the abandonment by San Pedro Railroad Operating Company, LLC (SPROC) of approximately 76.2 miles of railroad line in Cochise County, AZ, as follows: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, a distance of 5.6 miles; and (2) the Douglas Branch (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, a distance of 9.2 miles, (b) between milepost 1055.8 near Charleston and milepost 1097.3 near Paul Spur, a distance of 41.5 miles, and (c) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, a distance of 19.9 miles. The exemption was scheduled to become effective on March 5, 2006, unless an offer of financial assistance (OFA) was filed on or before February 13, 2006.

On February 13, 2006, Sonora-Arizona International LLC (Sonora) timely filed an OFA to purchase the line but, on July 12, 2006, Sonora filed a notice indicating its withdrawal of the OFA. On July 13, 2006, SPROC filed a letter requesting that the Board vacate the May 3, 2006 decision authorizing the sale and authorize SPROC to abandon this line. On July 20, 2006, SPROC filed a letter indicating its willingness to enter into trail use negotiations previously requested by the Trust for Public Land (the Trust) under the National Trails System Act, 16 U.S.C. 1247(d) (Trails Act). By a decision served on July 26, 2006, the Board reopened the proceeding, granted Sonora permission to withdraw its OFA, terminated the financial assistance process, and vacated the February 17, 2006 decision to the extent it postponed the effective date of the abandonment exemption. In the same decision, the Board also imposed a public use condition and issued a notice of interim trail use (NITU) for the subject line under the Trails Act, authorizing the Trust to negotiate an interim trail use/rail banking agreement with SPROC until January 22, 2007.

On January 22, 2007, the Trust filed a request for a 30-day extension of the NITU negotiating period. In a letter filed January 25, 2007, SPROC consented to the extension but

EXHIBIT
tabbies
KK

only for those portions of the line between mileposts 1040.15 and 1074.3.[1] By decision served on February 14, 2007, an extension was granted until February 21, 2007.

On January 29, 2007, SPROC filed a letter stating that it had consummated the abandonment of the line between: (1) milepost 1084.0 and milepost 1097.3 at Paul Spur, (2) milepost 1097.3 at Paul Spur and milepost 1106.5 near Douglas, and (3) milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee.

On May 11, 2007, SPROC filed a request to postpone for one year, until July 26, 2008, the deadline to consummate abandonment of the remaining portion of the line (from milepost 1040.15 near Curtiss to milepost 1084.0).[2] SPROC states that the extension is needed to arrange for the ultimate disposition of the underlying right-of-way. SPROC has shown good cause to extend the time to consummate the remainder of the abandonment and for filing a notice of consummation in this proceeding. Accordingly, the request will be granted.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. SPROC's request for an extension of time to exercise the abandonment authority for that portion of the line from milepost 1040.15 near Curtiss to milepost 1084.0 is granted.

2. The authority to abandon must be exercised, and the notice of consummation must be filed, on or before July 26, 2008.

3. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams
Secretary

---

[1] The status of the segment of the right-of-way between milepost 1074.3 at the intersection of the rail line with State Highway 92 and milepost 1084.0 was not mentioned by SPROC in its January 29 letter.

[2] Under 49 CFR 1152.29(e)(2), a railroad may, for good cause shown, file a request for an extension of time to file a notice of consummation in abandonment proceedings.