# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-271 L |
| v. | ) | |
| | ) | Honorable Robert H. Hodges, Jr. |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## DECLARATION OF RACHEL A. DOUGAN IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RCFC 56(f)

I, Rachel A. Dougan, counsel for Defendant, the United States of America, hereby declare as follows pursuant to 28 U.S.C. § 1746:

**Discovery Sought**

1. Defendant seeks to conduct full historical title searches of the properties allegedly owned by the named Plaintiffs prior to responding to Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs' Motion").

2. In this case, Plaintiffs claim that a railroad right-of-way was established pursuant to grants of property interests to the El Paso and Southwestern Railroad and the Arizona and South Eastern Railroad Company. These grants were allegedly made by deed or pursuant to the General Railroad Right-of-Way Act of 1875 ("1875 Act"). The railroad right-of-way was transferred and came to be owned by the San Pedro Railroad Operating Company, LLC

("SPROC"). Plaintiffs allege that SPROC held an interest in the right-of-way at the time of issuance of the Decision and Notice of Interim Trail Use or Abandonment ("NITU") by the Surface Transportation Board ("STB") on July 25, 2006. Defendant seeks to conduct a full historical title search of the original acquisition of an interest in the subject right-of-way by the El Paso and Southwestern Railroad and the Arizona and South Eastern Railroad Company, and to search the chain of title from these railroads to SPROC.

3. Defendant seeks to obtain all of the historical documents that would be associated with the title transactions described in paragraphs 1 and 2 in order to assemble a complete picture of the circumstances surrounding the title issues in this case.

4. Defendant also seeks to propound contention interrogatories and other discovery upon Plaintiffs to determine the basis for claims in their First Amended Complaint regarding the alleged consummation of a trail use agreement between SPROC and the Trust for Public Lands (the "Trust"). This discovery will also seek to uncover the factual basis for Plaintiffs' "permanent" taking claims.

5. Finally, Defendant seeks to obtain discovery from the Trust and SPROC regarding the history of negotiations to establish a trail use agreement over a portion of the subject right-of-way, the current status of negotiations between the Trust and SPROC, and the likelihood of future negotiations regarding entry into a trail use agreement.

**Discovery Will Aid in Resolution of Genuine Issues of Material Fact**

6. Defendant has two general bases for expecting that the discovery it seeks will uncover facts that are essential to its opposition to Plaintiffs' motion and will help resolve what appear to be genuine issues of material fact.

7. Defendant's first basis for expecting that discovery will aid in resolution of a genuine issue of material fact concerns the fact that Plaintiffs have failed to provide proof that, on the date of the alleged taking, they each had an interest in property that includes or is adjacent to the subject right-of-way. Moreover, Plaintiffs have generally failed to identify which of the original land grants to SPROC's predecessors form the basis for each named Plaintiffs' claim. Because the method by which SPROC's predecessors acquired their interests in the right-of-way and the specifics of the particular conveyance documents will determine the extent of the named Plaintiffs' current property interests, title research linking the original conveyances for the right-of-way to the property interests allegedly currently held by the named Plaintiffs is essential to determining whether each named Plaintiff has a valid claim.

8. Defendant seeks time to conduct discovery in the form of title searches on the properties of each named Plaintiff from the date of the alleged taking back to the original conveyances to SPROC's predecessors for the right-of-way to determine whether the named Plaintiffs' property interests derived from a line of deeds or via a homesteading act, and to determine whether the right-of-way over property allegedly owned by the named Plaintiffs was granted to SPROC's predecessors by deed or via the 1875 Act.

9. Defendant's second basis for expecting that discovery may resolve a genuine issue of material fact relates to discrepancies between the information alleged in Plaintiffs' First Amended Complaint and informal information that Defendant has obtained from counsel for the Trust and SPROC.

10. The July 25, 2006 NITU set January 22, 2007, as the expiration date for negotiations for reaching a trail use agreement. On February 12, 2007, pursuant to a request from

the Trust, which was supported by SPROC, the STB extended the negotiating period for part of the rail line to February 21, 2007.

11. Plaintiffs' complaint alleges that "sometime after February 2007 a Trail Use Agreement was reached between the SPROC the Trust for Public Land and this Trail Use Agreement affects only that portion of the property that is subject to the NITU and was also subject to the STB's extension of the negotiation period in its February 14th [sic] Order." Plaintiffs' First Amended Complaint (June 27, 2007) at 10, ¶ 25.

12. On November 6, 2007, I contacted Tily Shue, counsel for the Trust, to discuss the negotiations that the Trust may have had regarding entry into a trail use agreement. Ms. Shue indicated that as of that date no trail use agreement had been reached by SPROC and the Trust. She further indicated that it was her understanding that SPROC had broken off negotiations with the Trust and that there were no ongoing negotiations between SPROC and the Trust.

13. Following the filing of Plaintiffs' First Amended Complaint in this case, I contacted John D. Heffner, counsel for SPROC, by phone on July 18, 2007, and followed up with an e-mail on the same date. During our phone conversation and in the e-mail, I requested information on the current status of negotiations regarding entry into a trail use agreement and information about SPROC's anticipated future actions with respect to the subject right-of-way. During our July 18, 2007, conversation, counsel for SPROC indicated that he would have to contact his client and get back to me. After not hearing back from Mr. Heffner, I called Mr. Heffner again and left a message. On Monday, January 28, 2008, my co-counsel, James Gette, again called Mr. Heffner, who again responded that he would have to contact his client and get back to us. On January 29, 2008, Mr. Heffner left a message for Mr. Gette that he had finally

obtained information from his client. On January 30, 2008, Mr. Gette called Mr. Heffner and Mr. Heffner stated that there is no trail use agreement in place and that it was his understanding that there are no ongoing negotiations between SPROC and the Trust regarding the subject right-of-way.

14. Based upon this informal information from counsel for the Trust and SPROC, it appears that, contrary to Plaintiffs' allegations, the negotiating period expired on February 21, 2007, without an agreement being reached, and there are no ongoing negotiations.

15. Given the expiration of the negotiating period and the informal indication that no further negotiations for a trail use agreement are ongoing, Defendant intends to propound on Plaintiffs formal discovery, including contention interrogatories, to define Plaintiffs' claims in this case and the bases for those claims, as well as to confirm the informal information obtained from counsel for the Trust and SPROC.

16. The discovery will be used to support Defendant's response to Plaintiffs' Motion and a potential cross-motion for partial summary judgment declaring that any takings claims that Plaintiffs may assert in this case are, at most, temporary takings claims.

**The Requested Discovery Will Lead to Discoverable Facts**

17. It is clear that the facts Defendant seeks to find exist and are discoverable, provided the Court grants time for the undertaking. All of the deeds Defendant seeks should be located in the records of Cochise County, Arizona. With time for discovery, Defendant can obtain these items to assist it in responding to Plaintiffs' motion.

18. Through written discovery propounded on Plaintiffs, the Trust, and SPROC, with the assistance of subpoenas if necessary, Defendant should be able to clarify Plaintiffs' claims

and obtain confirmation of the informal information that it has received to date from counsel for SPROC and the Trust. In addition, if necessary, depositions of employees of the Trust and SPROC will be conducted.

**Defendant Has Taken Reasonable Initial Steps Toward Obtaining the Necessary Discovery**

19. There has been no formal discovery in this case to date other than the obligatory disclosures made pursuant to RCFC 26.

20. No discovery schedule has been entered in this case.

21. Defendant, however, has already begun the process of engaging LECG, a firm that does title related work on a contractual basis, to do the title searches that are necessary for Defendant to defend against Plaintiffs' motion. To date, LECG has provided a contract proposal and necessary supporting information. The actual contract is on track to be consummated in the next several work days. LECG stands ready to do the title work Defendant requires for its response to Plaintiffs' Motion once the contract has been executed.

22. As previously indicated, Defendant has been in contact with counsel for the Trust and counsel for SPROC in attempts to acquire informal information pertaining to the status of negotiations regarding entry into a trail use agreement.

23. If allowed time for discovery, Defendant will be able to overcome the hurdles which have, until now, prevented it from discovering the facts it needs to respond to Plaintiffs' motion.

24. The overarching reasons Defendant has not transmitted any formal discovery to obtain relevant information are that no discovery schedule has been set in this case and Defendant has been pursuing information through informal means. Defendant has begun

preparation of contention interrogatories that it intends to propound on Plaintiffs once this Court orders a discovery period.

25. Defendant's efforts to discover the necessary facts were slowed by lengthy delays between requests for information from SPROC and receipt of that information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 31, 2008.

Rachel A. Dougan

Rachel A. Dougan