**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al. | ) | |
| | ) | |
| For Themselves and As Representatives of a | ) | |
| Class of Similarly Situated Persons, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07-271L |
| | ) | |
| vs. | ) | Honorable Robert H. Hodges, Jr. |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# PLAINTIFFS' OBJECTION TO THE RAILS-TO-TRAILS CONSERVANCY'S MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

1. Plaintiffs object to the Rails-to-Trails Conservancy's ("RTTC") Motion for Leave to Participate as *Amicus Curiae*.

2. Plaintiffs oppose the RTTC motion for leave to participate as an amicus because allowing the RTTC to do so will: (a) provide no benefit to this Court as the law upon which Plaintiff's motion for partial summary judgment is premised is well settled; (b) further delay resolution of the Plaintiff landowners' claim for compensation, and, (c) increase the cost and expense of resolving this claim (a cost ultimately borne by the taxpayers) by requiring that the Plaintiffs also respond to RTTC's pleadings.

**A. Because The Law Underlying The Plaintiff's Pending Motion For Partial Summary Judgment Is Premised Upon Settled Federal Circuit Precedent, The Participation Of The Rails-To-Trails Conservancy As An *Amicus* Brings "Nothing To The Table".**

3. The RTTC states that "[n]o 'takings' case has yet to address this question, expressly left unresolved by the Federal Circuit in Preseault, of whether the STB's issuance of a railbanking order, alone, without the transfer of the corridor to a trial manager and without any interim trial us, constitutes a taking." See RTTC's Motion at p. 5.

4. This RTTC is not correct. The Federal Circuit stated, "[A] Trails Act taking begins and a takings claim accrues, if at all, on issuance of the NITU. We explicitly held in Caldwell that '[w]hile the taking may be abandoned *** by the termination of the NITU[,] the accrual date of a single taking remains fixed.' The issuance of the NITU is the only event that must occur to 'entitle the plaintiff to institute an action.'" *Barclay v. United States* 443 F. 3d 1368 at 1373 (Fed. Cir. 2006) consolidated on appeal with *Renewal Body Works, Inc. v. United States*. (emphasis supplied, citations omitted). See also, *Caldwell v. United States*, 391 F. 3d 1226 (Fed. Cir. 2004).

5. *Caldwell, Barclay* and *Renewal Body Works* each considered precisely (as the RTTC phrases the question) "whether the STB's issuance of a railbanking order, alone, without the transfer of the corridor to a trial manager and without any interim trial us, constitutes a taking." And, in each case the Federal Circuit concluded, clearly and unequivocally that the taking of the Plaintiff's land occurred when the STB issued the NITU.

6. The Defendant has acknowledged this to be the settled law after *Caldwell*. In *Illig v. United States*, 07-271L (Fed. Cl.), Defendant's counsel Chris Tardiff noted, "As the Federal Circuit has ruled *** these Plaintiffs had a valid takings claims against the federal government because what the NITU does, in these circumstances, by operation of the Trails Act, it preempts the operation of state law in terms of abandonment." See, Plaintiffs' Motion for Summary Judgment, *Illig v. United States,* 07-271L, at Appendix 5 for a more extensive collection of the Defendant's acknowledgement that (after *Caldwell*) a Trails Act taking claim occurs upon the STB's issuance of the NITU and does not need to await "the transfer of the corridor to a trial manager" or actual "interim trail" use being initiated.

7. It is certainly possible to argue that the two judge majority in *Caldwell, Barclay* and *Renewal Body* wrongly decided those cases. (See, Judge Newman's dissent in each.) However, whether one agrees or disagrees with the reasoning of Judge Dyk in *Caldwell, Barclay* and *Renewal Body*, those decisions are settled precedent that is binding upon this court until overturned by the Federal Circuit or the United States Supreme Court. *Kimberly-Clark Corp. v. Fort Howard Paper Co.*, 772 F. 2d 860, 863 (Fed. Cir. 1985).

8. Because the Federal Circuit's opinions in are binding upon this Court, arguing the merits of *Caldwell, Barclay* and *Renewal Body* would be a waste of this Court's resources and needlessly increase the expense and delay resolution of this case.

**B. Participation Of The Rails-To-Trails Conservancy As An Amicus Would Needlessly Increase The Cost To The Plaintiffs And (Ultimately) The Taxpayers And Needlessly Delay Resolution Of This Case.**

9. The Plaintiff's land was taken on July 25, 2006 when the STB issued a NITU. The Plaintiff's complaint was filed on April 30, 2007 and on December 4, 2007 the Plaintiff's filed a motion for partial summary judgment seeking to resolve the threshold issue of the government's liability.

10. The government's response to Plaintiffs' Motion for Summary Judgment was due February 7, 2008.

11. Although Plaintiffs do not opposing allowing the government a 30-day enlargement of time (giving the government until March 6, 2008 to file its response to Plaintiffs' Motion for Summary Judgment), the Plaintiffs do oppose any further delay in resolving this claim.

12. Therefore, Plaintiffs oppose any participation by RTTC as *amici curiae* that would further delay these property owners from receiving the "just compensation" to which they are entitled for the federal government taking their land.

13. The "just compensation" to which the Plaintiff land owners are entitled includes compensation for the delay in finally paying the Plaintiffs for the value of the land that has been taken. To delay resolution of this case to allow the RTTC to participate as an *amicus* would further increase the delay damages and expense to the taxpayers.

14. Furthermore, responding to the RTTC's additional pleadings in this case will add increased costs to the federal government, which , if found liable, will be required to reimburse Plaintiffs for their attorneys fees and costs incurred in this litigation. (See, Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c)).

WHEREFORE, Plaintiffs pray this Court deny the RTTC's request for leave of this Court to participate in this case as *amicus curiae*.

Respectfully submitted,

| | |
|---|---|
| Date: 2/13/08 | LATHROP & GAGE L.C.<br><br>By /s/ Mark F. (Thor) Hearne, II<br>MARK F. (THOR) HEARNE, II<br>LINDSAY S.C. BRINTON<br>10 South Broadway, Suite 1300<br>St. Louis, MO 63102-1708<br>(314) 613-2500<br>(314) 613-2550 (fax)<br>Thornet@ix.netcom.com<br><br>ATTORNEYS FOR PLAINTIFFS |