**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al., | ) | |
| Plaintiffs, | ) | No. 07-271 L |
| v. | ) | Honorable Robert H. Hodges, Jr. |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF COMPLIANCE AND OPPOSITION TO PLAINTIFFS' MOTION TO DIRECT DEFENDANT TO RESPOND TO PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT**

In response to this Court's March 10, 2008 Order, Docket No. 46, Defendant hereby notifies the Court that it has complied with the Court's prior instructions to submit its initial discovery requests to Plaintiffs. In addition, Defendant opposes Plaintiffs' motion requesting that Defendant be ordered to respond to their Proposed Findings of Uncontroverted Fact within ten days of the Court's order on Plaintiffs' motion. Docket No. 45.

On January 31, 2008, Defendant filed a motion pursuant to RCFC 56(f) requesting that this Court stay proceedings on Plaintiffs' summary judgment filing and allow discovery of facts that are essential to Defendant's opposition to Plaintiffs' motion. Docket No. 37. At a status conference held February 14, 2008, the Court ruled that Defendant should propound the discovery it needed to respond to Plaintiffs' summary judgment filing and was not required to

respond to Plaintiffs' summary judgment filing at this time.

Defendant has complied with the Court's prior instructions. As directed by the Court, Defendant expeditiously served discovery requests on Plaintiffs, on February 25, 2008. Defendant has also begun its own title examination work.[1/] On February 29, 2008, without yet responding to Defendant's discovery requests, Plaintiffs filed a motion requesting that the Court direct the United States to respond to Plaintiffs' Proposed Findings of Uncontroverted Fact, a task which, at the February 14 status conference, the Court had clearly postponed until Defendant had an opportunity to receive and review factual information from Plaintiffs.

Plaintiffs' motion should be denied. As Defendant explained in its filings in support of its 56(f) motion, Defendant's discovery is aimed at ascertaining precisely the type of information that it needs to respond to Plaintiffs' summary judgment filing. Docket Nos. 37, 41. For example, Defendant seeks to discover which conveyance document(s) Plaintiffs assert form the basis for each of the named Plaintiffs' claims. Only yesterday evening, Defendant received some of Plaintiffs' discovery responses. Defendant understands from Plaintiffs' counsel that Plaintiffs have also sent materials to Defendant's counsel by mail although these materials have not yet been received. Defendant should be given sufficient time to review Plaintiffs' discovery responses, which it received, in part, less than 24 hours ago. Then, Defendant believes it would be appropriate for the parties to jointly arrange another status conference with the Court, exactly the steps previously directed by the Court. At that time, the parties could discuss with the Court

[1/] Despite Plaintiffs' prior position that their summary judgment motion was ready for resolution without the need for discovery, Plaintiffs have served 46 discovery requests on Defendant. Defendant's counsel received these discovery requests on March 3 and 4, 2008. Defendant is reviewing these requests and preparing its responses.

whether additional liability discovery on the named Plaintiffs' claims is needed and discuss further proceedings in this case.

In conclusion, Defendant has complied with the prior directions of this Court by propounding its initial discovery requests on Plaintiffs. In addition, for the foregoing reasons, this Court should deny Plaintiffs' motion requesting the Court order Defendant to respond to Plaintiffs' Proposed Findings of Uncontroverted Fact at this time.

March 11, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/s/ Rachel A. Dougan
RACHEL A. DOUGAN
JAMES D. GETTE
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024