IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JACK LADD and MARIE LADD, et al. )<br>)<br>For Themselves and As Representatives of a )<br>Class of Similarly Situated Persons, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Case No. 07-271L<br><br>Honorable Robert H. Hodges, Jr. |

# PLAINTIFFS' MOTION TO DEEM ADMITTED THOSE MATTERS SET FORTH IN THE PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACTS

1. On June 27, 2007, the eight named Plaintiffs filed their First Amended Complaint in this case.

2. Attached to that Complaint were a number of title documents that the Plaintiffs claim establish that the Plaintiffs hold fee title to land in Cochise County, Arizona. The land owned by the Plaintiffs includes land adjoining and underlying the former San Pedro Railroad Operating Company (SPROC) railroad right–of–way.

3. Attached to the Complaint was also a copy of the Notice of Interim Trail Use or Abandonment ("NITU") issued by the federal Surface Transportation Board ("STB") on July 25, 2006. This NITU included the portions of the right-of-way located on each of the Plaintiffs' land.

4. On October 9, 2008 in a Joint Preliminary Status Report the parties agreed to bifurcated resolution of the issues of liability and damages with the issue of liability being resolved first by a motion for partial summary judgment.

5. On December 4, 2007, pursuant to RCFC 56, Plaintiffs filed a motion for partial summary judgment to resolve the threshold issue of the government's liability for a taking of the Plaintiffs' property by operation of the Trails Act which precluded or forestalled the Plaintiffs from regaining their reversionary right to that portion of their land subject to the NITU.

6. Accompanying this motion was Plaintiffs' Proposed Findings of Uncontroverted Facts which set forth the facts (largely documents recorded in the Cochise County Recorder of Deeds Office) which establish that the Plaintiffs held fee title to the land in Cochise County, Arizona, over which the abandoned SPROC right-of-way had been located.

7. These Proposed Findings of Uncontroverted Facts also included copies of documents recorded in the Cochise County Recorder of Deeds Office that were the conveyances by which the El Paso and Southwestern Railroad Company (predecessor in interest to SPROC) originally acquired the railroad right-of-way in 1903.

8. The Proposed Findings of Uncontroverted Facts also included copies of official documents and orders issued by and filed with the STB as part of their docket of proceedings related to the SPROC's petition to abandon the railroad right-of-way in Cochise County Arizona. These documents included the NITU issued on July 25, 2006 authorizing the Trust for Public Land to negotiate for the creation of a public recreational trail across the Plaintiff's land.

9. The Rules of the Court of Federal Claims 56(h)(2) provide: "The opposing party shall file, together with its opposition, a response to the requested findings by indicating, immediately below each finding, whether it agrees or disagrees with the finding as stated. If the opposing party does not agree with the proposed finding, it shall note the basis for its objection and may draft a proposed revision of the finding directly below the challenged finding."

10. The Defendant has not responded in any substantive manner to this motion for partial summary judgment and has made no response to Plaintiffs' Proposed Findings of Uncontroverted Facts.

11. Instead of responding to the substance of the Plaintiffs' Proposed Findings of Uncontroverted Facts and the Plaintiffs' Motion for Partial Summary Judgment, the Defendant has sought enlargements of time and filed a Rule 56(f) motion seeking an additional six months' time to conduct discovery including, but not limited to, "title searches of the subject properties, contention interrogatories and other discovery propounded on Plaintiffs, and discovery of information from two third parties."

12. The Defendant's request for a further six-month extension of time was heard by this Court on February 14, 2008.

13. This Court denied the Defendant's request for a six month extension of time in which to conduct further discovery.

14. This court ruled, "Well, I just don't; and I'm sort of gratified to hear you say that you had to go through the bid procurement process to get the firm. I wondered if that were the case. Because otherwise, it's hard to imagine how it could take this long to check a title. I mean, all of us have been through that initiation in the practice probably of checking titles. We're talking about eight people here so far. You know, you go down

to the courthouse, and by the end of the day, you have it. It may be on computer by now, for all I know. So if there's a delay because of a procurement problem, then I guess that makes a little more sense. But again, I'm sure you don't really need six months. That's sort of just a standard form request, I guess." (Transcript of 2/14/08 Hearing, p. 18, lns. 8-24).

15. This Court further ordered "Ms. Dougan, send me a list of these questions that are sort of be-deviling you and get some representations from the Plaintiff about exactly what they're going to argue and vice versa, and see where we are in two weeks. Then let's get back together, at least on the phone." (Transcript of 2/14/08 Hearing, p. 42, lns. 19-24).

16. The eight named Plaintiffs' ownership of the land subject to the NITU is resolved by those title documents recorded in the Cochise County Recorder of Deeds' Office and which are referenced in the Statement of Uncontroverted Facts.

17. The Defendant has had more than three months to either admit or deny the genuineness, authenticity, and legal effect of these title documents. (For those documents attached to the First amended complaint the government has had eight months to investigate and dispute these documents.)

18. As this court noted, "We're talking about eight people here so far. You know, you go down to the courthouse, and by the end of the day, you have it. It may be on computer by now, for all I know." (Transcript from hearing on 2/14/08, p. 18, lns. 16-19).

19. The Plaintiffs desire to resolve basic factual issues so that this case may proceed. Admitting (or denying) the authenticity of title documents recorded in the public records of the Recorder of Deeds' office or official orders and records of the federal Surface

Transportation Board which are publicly available online should require, at most, a few days.

20. Requiring the government to admit (or deny) these basic public records presents the Defendant with no hardship, having had, so far, at least a period of almost three and one-half months to review the Plaintiffs' Proposed Findings of Uncontroverted Facts and either admit or deny those statements.

21. Further delay in resolving these fundamental factual and legal issues creates a hardship for the Plaintiffs, whose constitutional right to "just compensation" will be further delayed, and to the taxpayers, who will be required to pay additional interest and costs of this litigation.

22. Plaintiffs are puzzled as to why it is so difficult for the Defendant to either admit or deny statements such as, for example, Statement Number 7 which provides: "Tab D represents a true and accurate copy of the easement conveyance granted by E.M. Fike to the El Paso and Southwestern Railroad Company on July 9, 1903, recorded in Deed Book 19, Page 496 in the Cochise County Recorder of Deed's Office." A copy of the document is attached at Tab D. Should the Defendant believe that this is not accurate, the Defendant has had more than three months to go to Cochise County – or hire someone to do so on its behalf – and see if the noted easement is or is not recorded at the book and page referenced and if the attached copy is accurate.

23. Similarly, Statement Number 62 provides: "The STB issued a NITU for the abandoned SPROC railroad right-of-way on July 25, 2006. (See, Tab HH, July 25, 2006 NITU)." The statement then includes a copy of the referenced NITU at the noted Tab HH.

24. The Plaintiffs' Proposed Findings of Uncontroverted Facts provide a series of similar simple and straightforward statements that largely seek the Defendant to simply acknowledge recorded public documents.

25. Responding to these Proposed Findings of Uncontroverted Facts does not require that the Defendant have access to the Plaintiffs' responses to the Defendant's cross-discovery. (In either event, the Plaintiff has provided the Defendant with the Plaintiff's response to the Defendant's discovery requests.)

26. On February 29, 2008, – in response to this Court's direction that the parties seek to resolve the issues of factual and legal debate -- the Plaintiffs filed with this court a "list of these questions that are sort of be-deviling you and get some representations from the [Defendant] about exactly what they're going to argue" by requesting that the Defendants respond to Plaintiffs' Proposed Findings of Uncontroverted Fact because doing so will identify those issues that are genuinely in dispute by the Defendant.

27. On March 10, 2008, this Court granted the Plaintiffs' request for the Defendant to respond to Plaintiffs' Proposed Findings of Uncontroverted Fact and ordered that Defendant respond by March 14, 2008.

28. Today the Defendant, instead of responding to these Proposed Findings, again seeks to avoid responding to these statements.

29. RCFC 56(h)(3) provides, "In determining any motion for summary judgment, the court will, absent persuasive reason to the contrary, deem the material facts claimed and adequately supported by the moving party to be established, except to the extent that such material facts are controverted by affidavit or other written or oral evidence."

30. The Defendant has failed to provide any response to the Plaintiffs' Proposed Findings of Uncontroverted Fact despite having been provided more than adequate opportunity to do so and being ordered to do so by this Court.

WHEREFORE, Plaintiffs respectfully request this Court, pursuant to RCFC 56(h)(3), to deem the Plaintiffs' Proposed Findings of Uncontroverted Fact admitted unless the Defendant responds as required by RCFC on or before March 14, 2008 as ordered by this Court.

Respectfully submitted,

LATHROP & GAGE L.C.

Date: 3/11/08

By /s/ Mark F. (Thor) Hearne, II

MARK F. (THOR) HEARNE, II
LINDSAY S.C. BRINTON
MEGHAN S. LARGENT
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500
(314) 613-2550 (fax)
Thornet@ix.netcom.com

ATTORNEYS FOR PLAINTIFFS