**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JACK LADD and MARIE LADD, et al.<br><br>For Themselves and As Representatives of a Class of Similarly Situated Persons,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 07-271L<br><br>Honorable Robert H. Hodges, Jr. |

**PLAINTIFFS' MOTION TO SUPPLEMENT THEIR MEMORANDUM OF LAW IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**

COME NOW Plaintiffs, pursuant to RCFC 15(d), request this Court allow Plaintiffs' to supplement their Memorandum of Law in Support of Partial Summary Judgment on the issue of the U.S. Government's liability for taking the Plaintiffs' property by operation of the Trails Act (16 U.S.C. § 1241) without paying "just compensation" as required by the Fifth Amendment to the United States Constitution. In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs filed their Motion for Partial Summary Judgment, Statement of Proposed Findings of Uncontroverted Fact, and Memorandum of Law in Support of Partial Summary Judgment on December 4, 2007.

2. Plaintiffs note that the "The Property Owner's Interest in their Land is Taken Under the Trails Act At the Time The STB Issues a NITU." (*See* Plaintiffs' Memorandum of Law, Section IV(D)).

3. At the April 1, 2008 status conference before this Court, counsel for the Defendant informed the Court that it was their intent to argue that a *per se* physical taking

of the Plaintiffs' land had not occurred when the NITU was issued. Defendant further suggests that this case raised a novel issue of "first impression" and suggested that the law was unsettled as to whether a rails-to-trails takings claim could be brought when only a Notice of Interim Trail Use ("NITU") was issued by the federal Surface Transportation Board, and no Trail Use Agreement had been reached.

4. After the status conference on April 1, 2008, this Court issued an order directing the Defendant to file its response to Plaintiffs' Motion for Partial Summary Judgment on or before May 15, 2008.

5. On April 23, 2008, Daniel N. Wenk, Deputy Director of the National Park Service testified before the U.S. Senate Subcommittee on National Parks of the U.S. Senate Committee on Energy and Natural Resources. (The Statement of the Department of Interior and Department of Justice dated April 23, 2008, is attached Exhibit A).

6. This statement of Deputy Director Wenk references a letter from William E. Moschella, Assistant Attorney General of the Department of Justice (a copy of which is attached as Exhibit B).

7. This statement of the Deputy Director, National Park Service, U.S. Department of Interior and the referenced letter from the Department of Justice confirms the Plaintiffs' statement that *Caldwell* and *Barclay* are settled law as set forth in section IV(D) of their Memorandum of Law and that the Defendant agrees the law on this point to be settled.

8. The Deputy Director stated as follows:

> The National Park Service is aware that there was some confusion created by various court rulings on what date would trigger the Statute of Limitations for rail-to-trail takings cases. We believe this issue was resolved in court rulings issued in 2005 and 2006. The appeals court [in

> Caldwell v. United States] found the triggering event to be when the STB issued the NITU because that decision forestalled the abandonment proceedings and precluded any state law reversionary interests from taking effect. **In 2006, the Federal Circuit reaffirmed the appeals court determination in the Caldwell case ruling in Barclay v. United States that the issuance of the original NITU triggers the running of the statute of limitations. As a result of the Caldwell and Barclay decisions, no confusion remains in the law regarding accrual of rails-to-trails takings claims.** (emphasis supplied).

9. Therefore, Plaintiffs request this Court allow them to supplement their Memorandum of Law to include Exhibit A and Exhibit B as further support their statement that the law is settled and a property owner's claim for a *per se* physical taking of their land arises upon the STB issuing a NITU. *See* Section IV(D) of Plaintiffs' Memorandum of Law.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court allow Plaintiffs to supplement their Memorandum of Law in Support of Partial Summary Judgment with the aforementioned documents and for such other and further relief as this Court deems just and proper.

LATHROP & GAGE L.C.

Date: 4/25/08

By /s/ Mark F. (Thor) Hearne, II

MARK F. (THOR) HEARNE, II
LINDSAY S.C. BRINTON
MEGHAN S. LARGENT
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500
(314) 613-2550 (fax)
Thornet@ix.netcom.com

ATTORNEYS FOR PLAINTIFFS