**the Defendant to the Plaintiffs' Proposed Findings of Uncontroverted Fact, Docket No. 35, filed December 4, 2007. These documents identify the land owned by the Plaintiffs including that portion of the Plaintiffs' property that has been taken by the federal government.**

**As to the physical dimensions and location of the actual railroad roadbed and right-of-way, such is shown on the maps and surveys produced by the Defendant itself in response to RCFC 26(a)(1) on November 2, 2007.**

**INTERROGATORY NO. 2:** For each Plaintiff, identify the date and means by which each Plaintiff acquired the Property identified in Interrogatory No. 1, and the amount of consideration paid for that Property. Attach copies of all Documents relative to the response noted in your answer, including deeds or other conveyance Documents.

**ANSWER:** ***See* response to Interrogatory No. 1 above. As to the request for "the amount of consideration paid," first and fundamentally, such request is irrelevant to the current issue of the government's liability for taking the Plaintiffs' land and relates (if at all) to the issue of damages. Further, as to even the question of damages, such information may be irrelevant (i.e., the amount paid in 1920 for a parcel of land is irrelevant to the value of that property and the value of the portion of the land taken by the government when the STB issued the NITU on July 25, 2006.)**

**INTERROGATORY NO. 3:** Please identify the property interest each Plaintiff alleges is held in the Property identified in Interrogatory No. 1 on:

a. the date(s) of acquisition, identified in Interrogatory No. 2;





Def. Exhibit C

b. the date(s) of the alleged taking; and

c. the date on which you prepared this response.

Attach copies of all Documents relative to the response noted in your answer.

<u>ANSWER:</u> **Each Plaintiff owns fee title to the land described in the conveyances referenced in Interrogatory No. 1. Each Plaintiff held fee title to this land on: (1) the date they acquired the property (which predated the STB's issuance of the NITU on July 25, 2006); (2) the date of the NITU; and (3) they currently own fee title to the land.**

**The one exception known to the Plaintiff is William Lindsey who has died since the government took his land. That property owned by William Lindsey on July 25, 2006 is now owned by his estate.**

**INTERROGATORY NO. 4:** For each Plaintiff, identify by metes and bounds or other legal description the specific property interest which you allege has been taken by the Defendant. Please state each and every fact upon which you base this response and attach copies of all Documents relative to the response noted in your answer.

<u>ANSWER:</u> ***See* response to Interrogatory No. 1 above.**

**INTERROGATORY NO. 5:** Please identify all servitudes, easements, rights of way, covenants, licenses, profits, leases, assignments, mortgages, or subleases, either owned or in possession of Plaintiffs in this litigation, or any other Person or entity, which currently exists or has existed on the Subject Properties at any time since the date of Plaintiffs' original acquisition, including:

a. The identity of the Person(s) or entity holding such an interest or status:

Subject Property has been permanently taken and identify the facts upon which your contention is based.

**ANSWER:** **Yes, pursuant to *Caldwell*, *Barclay*, and *Renewal Body Works, Inc.*, those landowners' whose property was subject to the original NITU and whose land remains subject to the NITU (i.e., those whose land underlies the portion of the right-of-way between (a) milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, and (b) 1055.8 near Charleston and approximately milepost 1074.3 at the intersection of the rail line with State Highway 92) has been permanently taken and remains indefinitely subject to the STB's jurisdiction. To the extent that the current NITU is set to expire on July 26, 2008, the STB possesses the ability to indefinitely grant extensions to this NITU.**

**The named Plaintiffs who own land subject to this permanent taking are the Lindsey family, Valentin and Deborah Ann Castro, Singletree Ranch, LLC., Joseph Lawrence Heinzl, the Col. Quentin Miller Family Trust, and Tammy Windsor-Brown.**

**INTERROGATORY NO. 10:** Please state, with respect to the Subject Property along the entire Subject Right-of-Way, whether you contend that any of the Property has been temporarily taken by Defendant. If so, please identify with specificity the portions of the Subject Right-of-Way along which you believe the Subject Property has been temporarily taken and identify the facts upon which your contention is based.

**ANSWER:** **For that portion of the Subject Right-of-Way between (1) milepost 1084.0 and milepost 1097.3 at Paul Spur, (2) milepost 1097.3 at Paul Spur**

**and milepost 1106.5 near Douglas, and (3) milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, the NITU operated to forestall and preclude these land owners' reversionary property interests from July 25, 2006 (the date of the NITU) until January 22, 2007 (the date the NITU and the STB's jurisdiction expired). This period was 181 days in duration.**

**The application of the NITU to these landowners' property was a taking of their right to their property pursuant to *Caldwell*, *Barclay*, and *Renewal Body Works, Inc.* (*See also* DOJ's testimony in *Illig v. United States* in the Appendix 5 to Plaintiffs' Memorandum of Law in Support of their Motion for Partial Summary Judgment).**

**The Ladd family and the Charlie Miller family are the two named Plaintiffs whose land was temporarily taken.**

**INTERROGATORY NO. 11:** For each Plaintiff, with respect to any Property that you contend was temporarily taken, please identify the date upon which it was first taken and identify the date upon which the taking ceased.

**ANSWER: See Plaintiffs' response to Interrogatory No. 10 above.**

**INTERROGATORY NO. 12:** For each Plaintiff, with respect to any Property that you contend was temporarily taken, please state whether you believe the taking was physical or regulatory in nature. If you believe the taking was physical in nature, please identify any physical invasion or occupation of the property by the Defendant and identify the date of any such physical invasion or occupation.

**right-of-way by illegal immigrants and drug smugglers has substantially affected the Miller's adjoining ranch land.**

**INTERROGATORY NO. 15:** For each Plaintiff, with respect to any Property that you contend was temporarily taken, please identify the highest and best use for the subject property immediately following the alleged date of taking.

**ANSWER:** **Objection. This interrogatory goes to the issue of damages. Plaintiffs have yet addressed the issue of damages in this stage of the litigation.**

**INTERROGATORY NO. 16:** Please state your opinion as to the fair market value, immediately before and after the alleged date of taking, of your interests in the Subject Property, which you allege to have been taken by the United States. State in detail the basis for these determinations of fair market value and identify any documents in support thereof.

**ANSWER:** **Objection. This interrogatory goes to the issue of damages. Plaintiffs have yet addressed the issue of damages in this stage of the litigation.**

**INTERROGATORY NO. 17:** With respect to your contention in paragraph 25 of the First Amended Complaint that "sometime after February 2007 a Trail Use Agreement was reached between the SPROC and the Trust for Public Land," please identify the facts upon which this contention is based.

**ANSWER:** **At the time of filing the Plaintiffs' First Amended Complaint, it was the Plaintiffs' information and belief that a Trail Use Agreement had been reached or had been reached in principle for the north-south portion of the abandoned right-of-way. This was based upon statements made by various participants during public meetings in Cochise County, Arizona. The Plaintiffs**

**currently understand that a Trail Use Agreement has not yet been reached for any portion of the abandoned right-of-way.**

**INTERROGATORY NO. 18:** With respect to your contention in Plaintiffs' Proposed Findings of Uncontroverted Fact that "Plaintiffs are the successors in title to the original property owners that granted the rights-of-way to the El Paso and Southwestern Railroad," for each Plaintiff, separately identify the conveyance document(s) upon which this contention is based.

**ANSWER:** ***See* response to Interrogatory No. 1 above.**

**INTERROGATORY NO. 19:** Please identify all Persons, other than Experts, whom you intend to call at trial in this matter to testify as to any issue concerning the liability of the Defendant.

**ANSWER: Plaintiffs anticipate that each of the Plaintiffs – or a representative of each Plaintiff ownership group – may testify. Plaintiffs reserve the right to supplement this response as litigation ensues.**

**INTERROGATORY NO. 20:** Please set forth the names, addresses and expertise of any and all Experts whom you expect to call as an expert witness at trial, or on whose opinion you expect to rely in support of Plaintiffs' pleadings, to testify as to any issue concerning the liability of the Defendant, and state in detail:

a. The subject matter upon which the Expert is expected to testify;

b. The substances of the facts and opinions upon which the Expert is expected to testify; and

c. A summary of the grounds for each opinion.