***Surface Transportation Board***
***Washington, D.C. 20423***

***Office of Proceedings***

July 30, 2008

Rachel Dougan
U.S. Department of Justice
Environmental and Natural Resources Division
601 D Street, NW, Room 3148
Washington, DC 20004

RE: STB Docket No. AB-1081X, San Pedro Railroad Operating Company, LLC—Abandonment Exemption—In Cochise County, AZ

Dear Ms. Dougan,

This letter provides information on the status of the proceeding in which the San Pedro Railroad Operating Company, LLC (SPROC) has sought authority to abandon 76.2 miles of railroad line in Cochise County, AZ. In particular, this letter focuses on the extent to which any portion of the line is now subject to the "rail banking" provisions of section 8(d) of the National Trails Systems Act, 16 U.S.C. 1247(d). A line is rail banked when a rail carrier that has been authorized to abandon a rail line enters into an agreement with a party that undertakes to maintain the right-of-way for what is known as "interim trail use," so that the right-of-way can be kept in the national rail system for possible future restoration of rail service. See 16 U.S.C. 1247(d); 49 CFR 1152.29.

The 76.2-mile line at issue here is comprised of four parts, as follows: (1) the Bisbee Branch, between milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee, a distance of 5.6 miles; and (2) the Douglas Branch (a) between milepost 1097.3 near Paul Spur and milepost 1106.5 near Douglas, a distance of 9.2 miles, (b) between milepost 1055.8 near Charleston and milepost 1097.3 near Paul Spur, a distance of 41.5 miles, and (c) between milepost 1040.15 near Curtiss and milepost 1055.8 near Charleston, a distance of 19.9 miles.

When someone wishes to use a line authorized for abandonment for rail banking and interim trail use, that party asks the Board to issue a notice of interim trail use (NITU) to preclude the carrier from consummating the abandonment for a period of time, usually 180 days, in order to permit that party to negotiate an agreement with the railroad for rail banking/interim trail use. If the rail banking proponent meets certain qualifications and the railroad agrees to negotiate, the Board will issue a NITU providing time for the parties to negotiate.

As explained below, the Board issued a NITU to the Trust for Public Land (Trust) in this proceeding, but the NITU has expired.

The NITU, as first issued on July 26, 2006, covered the entire 76.2-mile line, and, by its terms, was to extend until January 22, 2007. But no agreement was reached by the parties. We know this because SPROC has informed the Board that it has consummated the abandonment authorization as to part of the line, thereby terminating the Board's jurisdiction over that part of the right-of-way and because the Trust sought to extend the NITU insofar as it applied to other portions of the line.

More specifically, SPROC filed a letter on January 29, 2007, stating that it had consummated the abandonment of the line between: (1) milepost 1084.0 and milepost 1097.3 at Paul Spur; (2) milepost 1097.3 at Paul Spur and milepost 1106.5 near Douglas; and (3) milepost 1085.0 at Bisbee Junction and milepost 1090.6 at Bisbee. Thus, the abandonment authorization has been exercised on the entire Bisbee Branch and on the easternmost 22.5 miles of the Douglas Branch.

Pursuant to the Trust's request filed on January 22, 2007, the Board, on February 14, 2007, extended the NITU (until February 21, 2007), only as to the unabandoned portions of the Douglas Branch between mileposts 1040.15 and 1074.3. Accordingly, no NITU covering any portion of the line remains in effect.

The Board's regulations provide that authorized abandonments must be consummated within one year, or else the abandonment authorization will expire, unless the time frame for consummation of the abandonment has been extended. 49 CFR 1152.29(e)(2). At SPROC's request, in an order served on June 8, 2007, the Board extended the date by which abandonment of the remainder of the line must be consummated for one year, until July 26, 2008. In an order issued on July 15, 2008, the Board further extended the consummation deadline until July 26, 2009. Neither of those orders extending the consummation deadline, however, resurrected the expired NITU for any segment of the line.

To sum up, the NITU was in effect for the entire line until January 22, 2007, and it was in effect between mileposts 1040.15 and 1074.3 for an additional 30-day period ending on February 21, 2007.

If you need further information, please let me know.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 30, 2008.

Very truly yours,

David M. Konschnik

David M. Konschnik
Director